Michael E. Piston
Alexander G. Vernon
Piston & Carpenter P.C.
4000 Livernois, Suite 110
Troy, MI  48098
(248) 524-1936

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW J. CHANG, 45 Hickory Drive, Greenwich, CT  06831,<br>      Plaintiff,<br><br>    vs.<br><br>MICHAEL CHERTOFF, Secretary of Homeland Security, U.S. Dept. of Homeland Security, Washington, D.C. 20528, EMILIO T. GONZALEZ, Director of the United States Citizenship and Immigration Services, 20 Massachusetts Ave., N.W., Washington, D.C.  20529, ROBERT MULLER, III, Director of the Federal Bureau of Investigation, 935 Pennsylvania Avenue, N.W., Washington, D.C.  20535, PAUL NOVAK, Director, United States Citizenship and Immigration Services' Vermont Service Center, 75 Lower Welden Street, St. Albans, VT  05479,<br><br>      Defendants. | CASE NO.  1;07-cv-02139<br><br>HON. ROYCE C. LAMBERTH |

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS OR TRANSFER - 1

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

# PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER

## INTRODUCTION AND SUMMARY

Jurisdiction in this case is proper under 28 U.S.C. §§ 1331 and 1361, as well as 5 U.S.C. § 701 et seq. 28 U.S.C. § 1252(a)(2)(B) is immaterial in that the Secretary of Homeland Security has not been granted the discretion to unreasonably delay the adjudication of applications for  adjustment of status, nor has the Attorney General (or the Director of the Federal Bureau of Investigation) been granted the discretion to indefinitely delay the completion of the Plaintiff's background checks.

The Plaintiff seeks nothing more in this complaint than for the Defendants to be required to complete adjudication of his application for adjustment of status and/or his background checks in a reasonable time, which the Department of Homeland Security (DHS) itself has established as within 180 days of the submission of the Plaintiff's name to the FBI.  Here the Plaintiff's name was

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

submitted to the FBI for background checks on March 19, 2005

and therefore by the DHS's own policy a decision should have been

rendered on his application by no later than September 19, 2005.

The Defendants have offered no reasonable explanation for their

failure to comply with their own policy here.  The fact that the

Defendants, through their own neglect, failed to submit the

Plaintiff's birth name to the FBI for national security clearances

screening is not a reasonable explanation for their failure to comply

with their own guidelines where, as the Defendants admit, the

Plaintiff's birth name was clearly disclosed in the proper location on

the forms filed in support of his application for adjustment of

status.  Therefore the Defendants are simply wrong when they claim

that the Plaintiff is seeking here to give his application precedence

over others in exactly the same type of situation.  Quite the

contrary, by Defendants own policies, all other applicants for

adjustment of status similarly situated to the Plaintiff, that is to

say, those whose requests for whom background checks were

submitted to the FBI on March 19, 2005, now should have been

granted, unless those whose checks  disclosed adverse information.

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS OR TRANSFER - 3

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

This Court certainly does have jurisdiction to order that the Defendants comply with their mandatory duty to adjudicate the Plaintiff's application for adjustment of status within a reasonable time. Therefore this Court should deny the Defendants' Motion to Dismiss.

Finally, this Court should reject Defendants' Motion to Transfer this case to the United States District Court for the District of Connecticut. 28 U.S.C. § 1404 does not provide a basis for transferring this cause to the District of Connecticut because it was not a district "where it might have been brought." There was no venue in the District of Connecticut at the time this action was filed because none of the defendants resided there, none of the events giving rise to this claim had occurred there (since plaintiff's application for adjustment of status had yet to be transferred to the USCIS's Hartford office), and the plaintiff as a nonresident alien has no residence for venue purposes. Further, the Defendants have not articulated any advantage to be gained to themselves by transferring this case to Connecticut while the plaintiff would be seriously prejudiced in that his counsel is not admitted to practice

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

1  in that district.

2

3

4                   STATEMENT OF FACTS

5

6       On February 28, 2005, MATTHEW J. CHANG filed an

7  application for adjustment of status on form I-485 (file no. EAC

8  05103 51834) with the Vermont Service Center of the Immigration

9

10 and Naturalization Service, seeking to adjust his status in the U.S.

11 to that of permanent resident on the basis of the above petition for

12 immigrant worker.  This application was supported by a

13

14 Biographical Information Sheet, form G-325A, which disclosed that

15 he had also been known by the name of Jin-Woo Chang. See

16 Compl. ¶ 10; Enzer Decl. at ¶ 6. Plaintiff Chang attended

17

18 fingerprint appointments in New Rochelle, New York, on

19 December 26, 2006, and May 29, 2007. Compl. at ¶ 11. On  March

20 19, 2005 USCIS requested that the FBI conduct name checks in

21

22 connection with the Form I-485 for "Matthew J. Chang". See

23 Enzer Decl. ¶ 7; Cannon Decl. ¶ 43. Enzer (CIS) Decl. ¶ 6.

24 On November 15, 2006, Mr. Chang made a telephonic inquiry,

25

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS OR TRANSFER - 5

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

with the Vermont Service Center of the USCIS, requesting the

status of his application for adjustment of status to permanent

resident, which case remained pending with said Service Center.

The case status report found on the internet site of the USCIS,

onthe same date, stated in pertinent part:

"On May 12, 2005, the results of your fingerprint review for

your I485 Application to Register Permanent Residence or to Adjust

Status were received, and processing has resumed on your case.

We will mail you a notice if further action is needed, or when a

decision is made." On January 16, 2007, and again on January 30,

2007, the USCIS Vermont Service Center sent two written

communications in response to Mr. Chang's November 15, 2006

telephonic inquiry with the USCIS customer service center as to the

status of his said pending case, both of said communications

stating in part,  "The processing of your case has been delayed.  A

check of our records establishes that your case is not yet ready for

decision, as the required security checks remain pending."

Complaint ¶¶13-14.

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS OR TRANSFER - 6

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

Mr. Chang filed this lawsuit seeking an order directing USCIS to adjudicate his application for adjustment of status on November 29, 2007. Two months later, his application was transferred to the USCIS Hartford Field Office on January 29, 2008. Enzer Decl. ¶ 3. Plaintiff was interviewed on his application for adjustment of status on February 13, 2008 at the Hartford Field Office. Enzer Decl. ¶ 8. The Defendants claim that at that interview it was "discovered" that Plaintiff had two distinct names, "Matthew Chang" and "Jin Woo Chang" despite the fact that the plaintiff had provided the name "Matthew Chang" on his application, yet other documents, such as his birth certificate and G-325 "Biographic Information" Sheet, indicate the name of Jin Woo Chang. Id.

The background check for the name "Matthew J. Chang" was completed by the FBI on February 6, 2008. See Cannon Decl. ¶ 43. Nevertheless, the defendants have still not adjudicated Mr. Chang's application for adjustment of status apparently because the FBI has not communicated the results of those checks to the USCIS, as well as the fact that USCIS only submitted a name check request to the FBI for Jin-Woo Chang on April 11, 2008.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER - 7

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

STANDARD OF REVIEW

Plaintiff accepts the Defendants' statement of the standard of review.

ARGUMENT

I.  JURISDICTION

The Defendants motion to dismiss on grounds of lack of subject matter jurisdiction should be denied because the Administrative Procedure Act, 5 U.S.C. § 706(1), the Federal Question statute, 28 U.S.C. § 1331 and the Mandamus Act, 28 U.S.C. § 1361, all provide subject matter jurisdiction for this Court to require the defendants to conclude plaintiff's application for adjustment of status within a reasonable time. Further, the Court stripping provisions of 8 U.S.C. § 1252(a)(2)(B) are inapplicable to this action.

A. 28 U.S.C. § 1361 PROVIDES SUBJECT MATTER JURISDICTION OVER THIS ACTION

Title 28, section 1361 of the United States Code states that

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

"the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." To obtain relief under section 1361, an individual must establish that he has a clear right to relief and that a federal employee has a clear, nondiscretionary duty to act. See *Heckler v. Ringer*, 466 U.S. 602, 616-17 (1984). As a general concept, an agency may be compelled to exercise power vested in it as long as it has a mandatory duty to act. *See Rural Electrification Admin. v. Northern States Power Co.*, 373 F.2d 686, 687 n. 1 (8th Cir. 1967). In other words, even if the outcome of that exercise rests within the agency's discretion, the agency can be compelled to exercise its discretion. *Com. of Pennsylvania, by Sheppard v. National Ass'n of Flood Insurers*, 520 F.2d 11, 26-27 (3d Cir. 1975), overruled on other grounds by *Pennsylvania v. Porter*, 659 F.2d 306 (3d Cir. 1981) (noting that "mandamus may issue to require the exercise of permissible discretion, although the manner in which the discretionary act is to be performed is not to be directed by the court"); *McQueary v. Laird*, 449 F.2d 608, 611 (10th Cir. 1971)

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER - 9

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

(recognizing that "this court has held that the 1962 Act relating to mandamus against federal officers, employees and agencies authorizes the court to issue mandamus only to require the exercise of permissible discretion, or to compel performance of ministerial duties"). 28 U.S.C. § 1361 has therefore been repeatedly held to provide Courts with subject matter jurisdiction over applications for adjustment of status. *See, e.g., Kaur v. Mukasey*, 2008 WL 1696693 (W.D.Wash.,2008). The Defendants however claim that this Court has no jurisdiction over this matter under the Mandamus Act because they supposedly have no clear mandatory or ministerial obligation to adjudicate the applications or complete background checks within a particular time frame. However, 5 U.S.C. § 555(b) requires administrative agencies to conclude all matters before them within a "reasonable time", and 5 U.S.C. § 706(1) authorizes this Court to compel agency action "unreasonably delayed".

The fact that neither the statute nor the regulations quantify what is a reasonable time in which to decide an application for adjustment of status simply makes it a question of fact to be

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS OR TRANSFER - 10

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

determined under all of the circumstances. As another Court held in reference to the National Traffic Motor Vehicle Safety Act "neither the statute nor the regulations provide a time frame for deciding petitions. The petition has been pending in this case for over seventeen months. In the absence of language setting forth a time frame, the Court looks to the Administrative Procedures Act for further guidance, which, as noted earlier, authorizes a court to 'compel agency action unlawfully withheld or unreasonably delayed.' 5 U.S.C. § 706(1). The statutory language implies that an agency of government is charged with the duty of acting reasonably; therefore, the Court determines that in the absence of a specific timetable, the agency has a duty to decide the petition with a reasonable time." *Intermodal Technologies., Inc. v. Mineta*, 413 F. Supp. 2d 834, 842 (D. Mich. 2006).

In fact, here the Defendants themselves have provided clear guidance as to what constitutes a reasonable time to complete an application for adjustment of status, which, like Mr. Chang's, is approvable except for completion of the background checks.  On February 4, 2008 USCIS issued a policy memorandum providing, in

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS OR TRANSFER - 11

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

material part, that "(w)here the application is otherwise approvable and the FBI name check request has been pending for more than 180 days, the adjudicator shall approve the 1-485, 1-601, 1-687, or 1-698 and proceed with card issuance." Memo, Aytes, Acting Dir. Operations, USCIS, HQ 70/23 & 70/28.1 (attached).

Therefore this Court should agree with the Defendant USCIS that 180 days is a reasonable amount of time to complete an application which is otherwise approvable following the submission of an FBI name check.  Here the Plaintiff's FBI name check request was submitted to the FBI over 3 years ago on March 19, 2005. Enzer Decl. at ¶ 43. Therefore more than 6 times what the USCIS itself appears to consider a reasonable time has passed for his background checks to be completed.  Thus this Court has ample basis for finding that a reasonable time for the processing of plaintiff's application for adjustment of status has passed and that prompt completion of his application is appropriate under the Mandamus Act.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER - 12

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

B. 28 U.S.C. § 1331 IN CONJUNCTION WITH THE APA
   PROVIDES SUBJECT MATTER JURISDICTION OVER THIS
   ACTION

Under the Administrative Procedure Act (APA), "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. An agency has a duty to conclude a matter presented to it within a "reasonable time." Id. § 555(b). Accordingly, the scope of judicial review includes "compel[ling] agency action unlawfully withheld or unreasonably delayed." Id. § 706(1); *see also Brock v. Pierce County*, 476 U.S. 253, 260 n. 7 (1986) (noting that the APA gives district courts the authority to "compel agency action unlawfully withheld or unreasonably delayed") (citing 5 U.S.C. § 706(1)).

The APA does not independently provide a basis for the existence of subject matter jurisdiction. *Califano v. Sanders*, 430 U.S. 99, 107, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Pursuant to 28 U.S.C. § 1331 though, a federal district court has jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Accordingly, 28 U.S.C. § 1331

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS OR TRANSFER - 13

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

in combination with the APA, vests the court with jurisdiction to compel agency action that is unreasonably delayed or withheld. *See Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1099-1100 (D.C.Cir.2003) ("the district court had jurisdiction under 28 U.S.C. § 1331 ... to determine whether the [agency] was in violation of § 555(b), and, if it was, to issue an appropriate order pursuant to § 706."); *Liu v. Novak*, 509 F. Supp. 2d 1, 8 (D.D.C. 2007).

The Defendants nevertheless claim that "the APA does not provide subject matter jurisdiction to this court because applications for adjustment of status and completion of background checks are supposedly  "committed to agency discretion by law." citing *Heckler v. Chaney,* 470 U S 821 (1985). *Motion to Dismiss or Transfer* at 19. However, *Heckler*  is distinguishable because that was a case in which the Supreme Court found no applicable law to review a decision of an administrative agency on the merits. Nothing in that decision suggests that mandamus would not be available there to require a decision in a reasonable time, given the APA's unmistakable requirement that administrative agencies conclude

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER - 14

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

matters before them in a "reasonable time".

Nor is it necessary for there to be express standards set forth in the applicable statute and regulations to guide the Court in determining what is a reasonable time for such matters to be concluded in. In fact, the U.S. Court of Appeals for the District of Columbia has developed a very detailed criteria for assessing the reasonableness of agency delays:

> "(1) the time agencies take to make decisions must be governed by a 'rule of reason,' PEPCO, 702 F.2d at 1034; MCI, 627 F.2d at 340; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason, PCHRG v. FDA, 740 F.2d at 34-35; PCHRG v. Auchter, 702 F.2d at 1158, n. 30; PEPCO, 702 F.2d at 1034; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; PCHRG v. FDA, 720 F.2d at 34; PCHRG v. Auchter, 702 F.2d at 1157; see also Blankenship v. Secretary of Health, Education, and Welfare, 587 F.2d 329, 334 (6th Cir. 1978); (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority, see, e.g., PCHRG v. FDA, 740 F.2d at 34; PCHRG v. Auchter, 702 F.2d at 1158; (5) the court should also take into account the nature and extent of the interests prejudiced by delay, PCHRG v. FDA, 740 F.2d at 35; and (6) the court need not 'find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.' " PCHRG v. FDA, 740 F.2d at 34." *Telecomm. Research & Action Ctr. v. F.C.C.,* 750 F.2d 70, 80 (D.C. Cir. 1984).

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS OR TRANSFER - 15

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Certainly the absence of firm guidelines in the Immigration and Nationality Act or its implementing regulations does not mean that there are no standards by which the reasonableness of the time spent processing an application for adjustment of status can be determined and, in any event, as noted above, the Defendants themselves have in fact provided the standards by which the reasonableness of the time spent processing an application for adjustment of status can be determined where, as here, the case is approvable save for the completion of FBI background checks.

C. 28 U.S.C. § 1252(a)(2)(B) DOES NOT BAR JURISDICTION

Finally, defendants contend that 8 U.S.C. Section 1252(a)(2)(B) divests this Court of jurisdiction over this matter. However, it does not. First, although 8 U.S.C. Section 1252(a)(2)(B)(i) expressly bars judicial review of "any judgment regarding the granting" of an application for adjustment of status, this Court is not being asked to review a judgment regarding the granting of such an application because, among other things, there is no judgment here

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

to review. This section therefore has no relevance whatsoever.

The Defendants also claim that 8 U.S.C. Section 1252(a)(2)(B)(ii) divests this Court of subject matter jurisdiction over Plaintiff's claims because the adjudication of an adjustment of status application is a discretionary action and decision. While as the Defendants acknowledge, the courts are divided on this issue, we submit that the better and more logical point of view is expressed by those courts which find this Section inapplicable because while 8 U.S.C. Section 1255(a) certainly grants the Secretary of Homeland Security the discretion to grant, or deny, applications for adjustment of status, there is nothing in the Act that provides the Secretary with the discretion not to decide applications at all. In fact, 8 U.S.C § 1103 states that "[t]he Attorney General shall be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens." (emphasis added) which appears to require that the Secretary of Homeland Security act upon applications for adjustment of status which are properly filed under the Act, since this is a duty inherent in the administration

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS OR TRANSFER - 17

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

and enforcement of immigration laws.

Likewise, the Code of Federal Regulations provides, among other things, that "the applicant shall be notified of the decision of the director, and, if the application is denied, the reasons for the denial." 8 C.F.R. § 245.2 (emphasis added). In other words, the statutes and the regulation provide that certain action shall be taken by Defendants even if the ultimate determination of how they will act is committed to their discretion. Accordingly, regardless of their ultimate decision, Defendants have a nondiscretionary duty to act on applications for adjustment of status. *Yu v. Brown*, 36 F. Supp. 2d 922, 931 (D.N.M. 1999), *Alsharqawi v. Gonzales*, 2007 U.S. Dist. LEXIS 29808 (D. Tex. 2007).

What is more, defendants have a duty to adjudicate plaintiff's application for adjustment of status within a reasonable time. Although defendants contend that no statute or regulation provides a specific time period in  which CIS must act, under APA sections 555(b) and 706(1), when Congress fails to specify "a time by which an adjudication should be made, ... the necessary implication [is that] adjudication must occur within a reasonable time." *Yu*, 36 F.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER - 18

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

Supp. 2d at 932 (quoting *Agbemaple v. INS*, 1998 U.S. Dist. LEXIS 7953, 1998 WL 292441 *2 (N.D. Ill May 18, 1998)). Other courts faced with this issue agree. See, e.g., *Valenzuela v. Kehl*, 2006 U.S. Dist. LEXIS 61054, 2006 WL 2474088 (N.D. Tex. August 28, 2006) (Stickney, M.J.) ("Many courts, ..., have held in immigration cases that petitioners and applicants have a clear right to have their adjustment applications and visa petitions adjudicated within a reasonable time of their filing.") (citing *Alkenani v. Barrows*, 356 F.Supp.2d 652, 656 (N.D. Tex. 2005) (Kaplan, M.J.); *Fraga By and Through Fraga v. Smith*, 607 F. Supp. 517, 521 (D.C. Or.1985); *Yu*, 36 F. Supp. 2d at 930-932; *Paunescu v. INS.*, 76 F. Supp.2d 896, 901 (N.D. Ill. 1999); *Agbemaple v. INS*, No. 97-C-854, 1998 U.S. Dist. LEXIS 7953, 1998 WL 292441 at *2 (N.D. Ill. May 18, 1998)).

In fact, the Supreme Court has long recognized that the mere fact that a government officer has discretion over a certain matter in no way immunizes him from an action for mandamus to compel a decision on that action:

> "There is a class of cases in which a relator in mandamus has successfully sought to compel action by an officer who has discretion concededly conferred on him by law. The relator in

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

such cases does not ask for a decision any particular way but only that it be made one way or the other. Such are Louisville Cement Company v. Interstate Commerce Commission, 246 U.S. 638, and Interstate Commerce Commission v. Humboldt S. S. Company, 224 U.S. 474. They follow the decision in Commissioner of Patents v. Whiteley, 4 Wall. 522. They are analogous to Hohorst, Petitioner, 150 U.S. 653; Parker, Petitioner, 131 U.S. 221; Ex parte Parker, 120 U.S. 737, and others which hold that mandamus may issue to an inferior judicial tribunal if it refuses to take jurisdiction when by law it ought to do so, or where, having obtained jurisdiction, it refuses to proceed in its exercise." *Work v. United States*, 267 U.S. 175, 184-185 (1925).

Inasmuch as mandamus cannot be used to compel or control a discretionary duty it follows logically that if an officer can be compelled to make a discretionary decision within a reasonable time, then making that decision cannot be discretionary and therefore the Supreme Court's decision in *Work* makes Section 1252(a)(2)(B)(ii) entirely inapplicable here. *See, e.g., Kim v. Ashcroft*, 340 F.Supp.2d 384, 389 (S.D.N.Y.2004).

Finally, the argument that Section 1252(a)(2)(B)(ii) bars mandamus in adjustment of status cases was considered extensively by this Court in *Liu v Novak* and, we submit, comprehensively refuted by it. There the Court opined that

"Having considered the arguments on both sides of the issue,

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER - 20

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

the Court is persuaded for three reasons that § 1252(a)(2)(B)(ii) is not a bar to jurisdiction over plaintiff's claim. First, the provision only applies to jurisdiction to review a "decision or action" of the Department of Homeland Security. In this case, plaintiff is challenging the absence of a decision or action, specifically the failure to adjudicate his application. Review over the lack of action is not barred. See Nyaga v. Ashcroft, 186 F.Supp.2d 1244, 1252 (N.D.Ga.2002) ("Plaintiff is not seeking a review of a decision or action, which would be barred, but is seeking remediation of the lack of action, which is not barred.") rev'd on other grounds by 323 F.3d 906 (11th Cir.2003); Paunescu v. INS, 76 F.Supp.2d 896, 900 (N.D.Ill.1999) ( "Plaintiffs do not ask this court to 'review' a governmental action, but to examine and rectify a gross inaction."). As the Seventh Circuit has indicated, by the use of the terms "decision or action," § 1252(a)(2)(B)(ii) only bars review of actual discretionary decisions, not the failure to render a decision. See Iddir v. INS, 301 F.3d 492, 497-98 (7th Cir.2002) (citing Nyaga and Paunescu with approval).

The Court is not persuaded by the 'plain meaning' argument in Safadi, clever though it may be. The court in Safadi artfully made the argument that the inaction at issue here is in fact a series of unspecified, affirmative, discretionary actions. 466 F.Supp.2d at 699. Plaintiff, however, is not challenging any of those discrete actions, and the government has not even specified what steps it has taken in processing plaintiff's particular application.FN2 Moreover, the argument in Safadi *7 essentially finds that inaction is within the 'plain meaning' of action. The established body of administrative law though, distinguishes between the two. See Sierra Club v. Thomas, 828 F.2d 783, 793 (D.C.Cir.1987) ("inaction represents action that has been unlawfully withheld"). For instance, the APA relies on this distinction in 5 U.S.C. § 706, as subsection (1) remedies unlawful agency inaction and subsection (2) remedies unlawful agency action. As action and inaction are distinct, and § 1252(a)(2)(B)(ii) by its plain terms only covers the former, the provision does not apply to plaintiff's claim.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER - 21

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

Second, § 1252(a)(2)(B)(ii) does not apply to all discretionary decisions, but only those decisions "the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." Therefore, the provision only applies to the "narrower category of decisions where Congress has taken the additional step to specify that the sole authority for the action is in the Attorney General's discretion." Alaka v. Attorney Gen. of U.S., 456 F.3d 88, 95 (3d Cir.2006); see Spencer Enters., Inc. v. United States, 345 F.3d 683, 690 (9th Cir.2003) (holding that the provision only bars review of "matters of pure discretion, rather than discretion guided by legal standards"); see also Zhu v. Gonzales, 411 F.3d 292, 295 (D.C.Cir.2005) (declining to decide how discretionary a decision must be to be barred from review). Within the subchapter referred to, Congress specified that the ultimate decision of whether an immigrant's status is "adjusted" lies with the "Attorney General, in his discretion." 8 U.S.C. § 1255(a). The subchapter, however, "does not address, much less specify any discretion associated with, the pace of application processing." Duan, 2007 WL 626116, at *2. Thus, plaintiff's claim is not barred by § 1252(a)(2)(B)(ii) for this reason as well.

Finally, recognizing that reasonable jurists may differ in resolving these questions of statutory interpretation, the Court relies on the applicable presumptions, all of which are in favor of finding jurisdiction over plaintiff's claim. First, Congress's intent to limit federal jurisdiction must be "clear and convincing" in order to preclude judicial review. See Bd. of Governors of the Fed. Reserve Sys. v. MCorp. Fin., Inc., 502 U.S. 32, 44, 112 S.Ct. 459, 116 L.Ed.2d 358 (1991). Second, there is a general presumption in favor of judicial review of administrative acts. See INS v. St. Cyr, 533 U.S. 289, 298, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). Third, there is the principle that statutory ambiguities in immigration laws are resolved in favor of immigrants. See INS v. Cardoza-Fonseca,

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

480 U.S. 421, 449, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). In light of all three principles, the Court concludes that § 1252(a)(2)(B)(ii) does not eliminate this Court's jurisdiction over plaintiff's claim." *Liu*, 509 F. Supp 2d at 6-7 (footnotes omitted)

The Defendants have offered no arguments here which overcome the sound reasoning of the *Liu* decision.  Therefore the Court should not find that 8 U.S.C. Section 1252(a)(2)(B) strips it of jurisdiction in this matter.

## II. THIS COURT NEITHER CAN, NOR SHOULD, TRANSFER THIS ACTION TO THE DISTRICT OF CONNECTICUT

The Defendants have also moved this Court to transfer this action to the District of Connecticut pursuant to 28 U.S.C. § 1404. However this Court may not do so for the simple reason that it is not a district "where it (the action) might have been brought."  28 U.S.C. § 1404(a). The Defendants claim that "The District of Connecticut clearly is a district in which this case might have been brought" because "Plaintiff resides within that district. USCIS's Hartford Field Office is responsible for adjudicating Plaintiff's application." *Motion to Dismiss or Transfer* at 21.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER - 23

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

However, the Defendants' argument neglects the fact that the Plaintiff, a nonresident alien of the United States does not "reside" in any district of the United States for venue purposes. *Galveston, H. & S.A. Ry. Co. v. Gonzales*, 151 U.S. 496, 506-07 (1894) ("An alien ... is assumed not to reside in the United States ...."); *Williams v. United States*, 704 F.2d 1222, 1225 (7th Cir.1983) ("An alien, for purposes of establishing venue, is presumed by law not to reside in any judicial district of the United States regardless of where the alien actually lives.").

Further  as the Defendants acknowledge, the Plaintiff's application for adjustment of status was not transferred to the USCIS Hartford Field Office until January 29, 2008, over two months after he filed this action.  Therefore, unless Plaintiff had access to a time machine, he could not have filed this action in the U.S. District for the District of Connecticut on November 26, 2007 in reliance upon 28 U.S.C. Section 1391(e)(2) because no event giving rise to his claim had yet occurred in Connecticut. Rather, his case was at that time under the jurisdiction and control of the USCIS Vermont Service Center.

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

Note that the phrase "where it might have been brought" is written in the past, not the present, tense. Therefore for an action to be transferable under 28 U.S.C. § 1404(a) it must be demonstrated that venue would have been appropriate in the District of Connecticut on the date the complaint was filed, and not on some later date. This the Defendants cannot do.

Finally, none of the Defendants reside in the state of Connecticut. Therefore this action could not have been filed in Connecticut and so cannot be transferred there under the Transfer Act.

Equally important, even if 28 U.S.C. Section 1404(a) permitted this Court transfer this matter to the District of Connecticut the Defendants have failed to identify even one persuasive reason why it should. Although some of the officials with authority over the processing of Plaintiffs application for adjustment of status may now reside in the District of Connecticut, actions for mandamus in immigration matters are almost invariably resolved on the administrative record and the chances of witnesses being required to appear in Court on this matter appear remote in the extreme.

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

Further, if this matter were to go to trial it appears that the Defendants would call as a witness Michael Cannon, a resident of the District of Columbia, and if they didn't the Plaintiff would likely subpoena him to cross examine him regarding his declaration. Plaintiff would also probably call Michael Aytes, a resident of the District of Columbia, as a witness to testify as to what a reasonable time is to allow for completion of FBI background checks in connection with applications for adjustment of status.  Therefore the convenience of the witnesses certainly cannot be an advantage here.

Neither can the convenience of the Defendants.  Not only does the USCIS as an agency reside primarily in the District of Columbia but it is being ably represented by attorneys based in this District.

Finally, and most importantly, a change of venue would severely prejudice the Plaintiff. Not only would it needlessly delay a matter which has been far too delayed already, but it would also deprive Plaintiff of the representation of his choice.  Plaintiff's legal counsel is not admitted to practice before the U.S. District Court for the District of Connecticut. While it is theoretically possible that

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

counsel might seek admission pro hac vice, this would require the retention of local counsel which not only would incur additional delays and expense but may not even be possible inasmuch as Plaintiff and his counsel are not sufficiently well acquainted with any attorneys practicing before the federal court in Connecticut to feel comfortable retaining them in this matter.

Given that the Defendants appear to reap no benefits from this change of venue and, indeed, must either incur the inconvenience their current counsel representing them in a remote jurisdiction or the expense of bringing new lawyers into this case, it appears that the Defendants' only purpose in filing this motion is simply to delay this action and make it more difficult for the Plaintiff to pursue his claim. Delay and harassment is certainly not a persuasive ground for a transfer of this action.

Finally, this Court should take into consideration the considerable amount of time it and its staff have doubtlessly already invested in reviewing the extensive briefs in this matter and recognize that all that time and the scarce judicial resources it represents will have been squandered if this case is transferred to

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS OR TRANSFER - 27

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

another district.

In short, neither the interest of the parties nor the interest of the public is served by a change of venue which, in any event, is barred under the plain language of 28 U.S.C. Section 1404(a) in that the U.S. District Court for the District of Connecticut is not one in which this action might have been brought.

Therefore the Defendant's Motion to Dismiss or Transfer should be denied.


Respectfully submitted,

Dated this 5th day of May, 2008

/s Michael E. Piston_____
Michael E. Piston MI 002
Piston & Carpenter, P.C.
4000 Livernois, Suite 110
(248)524-1936 telephone
(248) 928-0340 facsimile
michael@piston.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF

PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS OR TRANSFER - 28

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

participants:

     Jeffrey A. Taylor, United States Attorney

     Rudolph Contreras, Assistant United States Attorney

     Brandon L. Lowy, Special Assistant United States Attorney

I further certify that I have mailed by United States Postal Service the foregoing document to the following non CM/ECF participant, addressed as follows:

***NONE IF NONE

Dated this 6th day of May, 2008

                               s/Michael E. Piston
                               Michael E. Piston MI002
                               Piston & Carpenter P.C.
                               4000 Livernois, Suite 110
                               Troy, MI  48098
                               Phone: (248) 524-1936
                               Fax: (248) 680-0627
                               E-mail: michael@piston.net

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER - 29

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

Alexander G. Vernon
Michael E. Piston
Piston & Carpenter P.C.
4000 Livernois, Suite 110
Troy, MI  48098
(248) 524-1936

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

MATTHEW J. CHANG, 45 Hickory
Drive, Greenwich, CT  06831,

      Plaintiff,

    vs.

MICHAEL CHERTOFF, Secretary
of Homeland Security, U.S. Dept.
of Homeland Security,
Washington, D.C.  20528,
EMILIO T. GONZALEZ, Director
of the United States Citizenship
and Immigration Services, 20
Massachusetts Ave., N.W.,
Washington, D.C.  20529,
ROBERT MULLER, III, Director of
the Federal Bureau of
Investigation, 935 Pennsylvania
Avenue, N.W., Washington, D.C.
20535, PAUL NOVAK, Director,
United States Citizenship and
Immigration Services' Vermont
Service Center, 75 Lower Welden
Street, St. Albans, VT  05479,

      Defendants.

CASE NO.  1;07-cv-02139

HON. ROYCE C. LAMBERTH

EXHIBIT LIST - 1

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

# __EXHIBIT LIST__

Exhibit A          Memo, Aytes, Acting Dir. Operations, USCIS, HQ
                   70/23 & 70/28.1

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net



**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
*Domestic Operations of Directorate*
Washington, DC 20529

**U.S. Citizenship
and Immigration
Services**

FEB 4 - 2008

HQ 70/23 & 70/28.1

# Interoffice Memorandum

**TO:**        Field Leadership

**FROM:**   Michael Aytes
                   Associate Director, Domestic Operations

**SUBJECT:**   Revised National Security Adjudication and Reporting Requirements

## Background

U.S. Citizenship and Immigration Services (USCIS) conducts background checks on all applicants, petitioners, and beneficiaries seeking immigration benefits. This is done both to enhance national security and to ensure the integrity of the immigration process. USCIS has previously mandated that FBI name checks be completed and resolved before any positive adjudication can proceed on certain form types. This memorandum modifies existing guidance for applications where statutory immigration provisions allow for the detention and removal of an alien who is the subject of actionable information that is received from the FBI or other law enforcement agencies after approval of the application.

USCIS is issuing revised guidance in response to recommendations of the DHS Office of Inspector General (OIG-06-06) regarding the need to align the agency's background and security check policies with those of U.S. Immigration and Customs Enforcement (ICE). The *Background and Security Investigations in Proceedings Before Immigration Judges and the Board of Immigration Appeals* regulations prevent immigration judges and the Board of Immigration Appeals (BIA) from granting benefits to aliens before DHS confirms that all background and security checks have been completed. *See* 8 C.F.R. § 1003.47(g); 8 C.F.R. § 1003.1(d)(6)(i). In the context of removal proceedings, ICE has determined that FBI fingerprint checks and Interagency Border Inspection Services (IBIS) checks are the required security checks for purposes of the applicable regulations. In the unlikely event that FBI name checks reveal actionable information after the immigration judge grants an alien permanent resident status, DHS may detain and initiate removal proceedings against the permanent resident. *See* 8 U.S.C. § 1227; *see also* 8 U.S.C. § 1256 (allowing DHS to rescind an alien's adjustment of status).

**Revised National Security Adjudication and Reporting Requirements**
Page 2

**Revised Guidance**

A definitive FBI fingerprint check and the IBIS check must be obtained and resolved before an Application for Adjustment of Status (I-485), Application for Waiver of Ground of Inadmissibility (I-601), Application for Status as a Temporary Resident Under Section 245A of the Immigration and Nationality Act (I-687), or Application to Adjust Status from Temporary to Permanent Resident (Under Section 245A of Public Law 99-603) (I-698) is approved. USCIS will continue to initiate FBI name checks when those applications are received. Where the application is otherwise approvable and the FBI name check request has been pending for more than 180 days, the adjudicator shall approve the I-485, I-601, I-687, or I-698 and proceed with card issuance. The FBI has committed to providing FBI name check results within this timeframe.

There is no change in the requirement that FBI fingerprint check, IBIS check and FBI name check results be obtained and resolved prior to the adjudication of an Application for Naturalization (N-400).

Pending further guidance regarding post-audit reporting and tracking requirements and modifications to associated quality assurance procedures, applications approved pursuant to this memorandum shall be held at the adjudicating office. If derogatory or adverse information is received from the FBI after the application is approved, USCIS will determine if rescission or removal proceedings are appropriate and warranted.

Subject to the reporting requirements set forth in the February 16, 2007, memorandum titled "FBI Name Checks Policy and Process Clarification for Domestic Operations," an application or petition may be denied, dismissed, administratively closed, withdrawn, or referred to the Immigration Court at any time.

Questions regarding this memorandum should be directed through appropriate supervisory and operational channels. Local offices should work through their chain of command.

Distribution List:
Regional Directors
Service Center Directors
District Directors (except foreign)
Field Officer Directors (except foreign)
National Benefits Center Director