Michael E. Piston
Alexander G. Vernon
Piston & Carpenter P.C.
4000 Livernois, Suite 110
Troy, MI  48098
(248) 524-1936

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

MATTHEW J. CHANG, 45 Hickory
Drive, Greenwich, CT  06831,
          Plaintiff,

          vs.

MICHAEL CHERTOFF, Secretary of
Homeland Security, U.S. Dept. of
Homeland Security, Washington, D.C.
20528, EMILIO T. GONZALEZ,
Director of the United States
Citizenship and Immigration Services,
20 Massachusetts Ave., N.W.,
Washington, D.C.  20529, ROBERT
MULLER, III, Director of the Federal
Bureau of Investigation, 935
Pennsylvania Avenue, N.W.,
Washington, D.C.  20535, PAUL
NOVAK, Director, United States
Citizenship and Immigration Services'
Vermont Service Center, 75 Lower
Welden Street, St. Albans, VT  05479,

          Defendants.

CASE NO.  1;07-cv-02139

HON. ROYCE C. LAMBERTH

PLAINTIFF'S  MOTION FOR SUMMARY
JUDGMENT- 1

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

## **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, as set forth in the accompanying Memorandum there are no genuine issues in dispute, and Plaintiff is entitled to judgment as a matter of law.  In support of this Motion, Plaintiff respectfully submits the attached Memorandum of Points and Authorities with Exhibits attached thereto, a Statement of Material Facts not in genuine dispute, and a proposed Order.


Respectfully submitted,

Dated this 15th day of May, 2008

/s Michael E. Piston_____
Michael E. Piston MI 002
Piston & Carpenter, P.C.
4000 Livernois, Suite 110
(248)524-1936 telephone
(248) 928-0340 facsimile
 michael@piston.net

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system,

PLAINTIFF'S  MOTION FOR SUMMARY
JUDGMENT- 2

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

which will send notification of such filing to the following CM/ECF participants:

Jeffrey A. Taylor, United States Attorney

Rudolph Contreras, Assistant United States Attorney

Brandon L. Lowy, Special Assistant United States Attorney

I further certify that I have mailed by United States Postal Service the foregoing document to the following non CM/ECF participant, addressed as follows:

***NONE

Dated this 15th day of May, 2008

s/Michael E. Piston
Michael E. Piston MI002
Piston & Carpenter P.C.
4000 Livernois, Suite 110
Troy, MI  48098
Phone: (248) 524-1936
Fax: (248) 680-0627
E-mail: michael@piston.net

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT- 3

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

Michael E. Piston
Alexander G. Vernon
Piston & Carpenter P.C.
4000 Livernois, Suite 110
Troy, MI  48098
(248) 524-1936

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

MATTHEW J. CHANG, 45 Hickory
Drive, Greenwich, CT  06831,
           Plaintiff,

      vs.

MICHAEL CHERTOFF, Secretary of
Homeland Security, U.S. Dept. of
Homeland Security, Washington, D.C.
20528, EMILIO T. GONZALEZ,
Director of the United States
Citizenship and Immigration Services,
20 Massachusetts Ave., N.W.,
Washington, D.C.  20529, ROBERT
MULLER, III, Director of the Federal
Bureau of Investigation, 935
Pennsylvania Avenue, N.W.,
Washington, D.C.  20535, PAUL
NOVAK, Director, United States
Citizenship and Immigration Services'
Vermont Service Center, 75 Lower
Welden Street, St. Albans, VT  05479,

           Defendants.

CASE NO.  1;07-cv-02139

HON. ROYCE C. LAMBERTH

STATEMENT OF MATERIAL FACTS AS TO
WHICH THERE IS NO GENUINE DISPUTE- 1

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

**STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE DISPUTE**

Pursuant to Local Civil Rule 7(h), Plaintiff hereby provides the following Statement of Material Facts As to Which There Is No Genuine Dispute:

1. On February 28, 2005,  MATTHEW J. CHANG filed an application for adjustment of status on form I-485 (file no. EAC 05 103 51834) with the Vermont Service Center of the Immigration and Naturalization Service, seeking to adjust his status in the U.S. to that of permanent resident on the basis of the above petition for immigrant worker.

2. This application was supported by a Biographical Information Sheet, form G-325A, which disclosed that he had also been known by the name of Jin-Woo Chang.

3. On  March 10, 2005 USCIS requested that the FBI conduct background checks in connection with plaintiff's Form I-485 for the name "Matthew J. Chang".

4. Plaintiff filed this lawsuit seeking an order directing USCIS to adjudicate his application for adjustment of status on

STATEMENT OF MATERIAL FACTS AS TO
WHICH THERE IS NO GENUINE DISPUTE- 2

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

November 29, 2007.

5.  On January 29, 2008 the plaintiff's application was transferred to the USCIS Hartford Field Office.

6.  On February 4, 2008 USCIS issued a policy memorandum providing, in material part, that "(w)here the application is otherwise approvable and the FBI name check request has been pending for more than 180 days, the adjudicator shall approve the 1-485, 1-601, 1-687, or 1-698 and proceed with card issuance."

7. The background check for the name "Matthew J. Chang" was completed by the FBI on February 6, 2008.

8. Plaintiff was interviewed on his application for adjustment of status on February 13, 2008 at the Hartford Field Office.

9. On that same day USCIS officer Ethan Enver directed his staff to request a background check for the name Jin-Woo Chang.

10. On April 11, 2008, having learned that his February 13, 2008 name check request for Jin-Woo Chang "had not gone through" Mr. Enver asked his staff to resubmit the request.

STATEMENT OF MATERIAL FACTS AS TO
WHICH THERE IS NO GENUINE DISPUTE- 3

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

11.  As of today, the defendants have not yet adjudicated plaintiff's application for adjustment of status.

12. Pursuant to current USCIS policy, fingerprints taken are valid for a period of 15 months after processing by the FBI. Therefore the current fingerprints for Mr. Chang are valid until August 28, 2008.

13. If a final decision regarding Plaintiff's application is not reached by that date, another fingerprint appointment will be scheduled for the applicant.

14. IBIS checks were initiated on Matthew Chang on February 13, 2008 and are valid for six months.

15 If a final decision regarding Plaintiff's application is not reached by August 12, 2008, a new IBIS check will be necessary.

16. USCIS has provided no explanation for failing to adjudicate Mathew Chang's form I-485 except for the fact that they have not received the results of his name check requests from the FBI.

STATEMENT OF MATERIAL FACTS AS TO
WHICH THERE IS NO GENUINE DISPUTE- 4

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

Respectfully submitted,

Dated this 15th day of May, 2008

/s Michael E. Piston_____
Michael E. Piston MI 002
Piston & Carpenter, P.C.
4000 Livernois, Suite 110
(248)524-1936 telephone
(248) 928-0340 facsimile
 michael@piston.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

> Jeffrey A. Taylor, United States Attorney
>
> Rudolph Contreras, Assistant United States Attorney
>
> Brandon L. Lowy, Special Assistant United States Attorney

I further certify that I have mailed by United States Postal Service the foregoing document to the following non CM/ECF participant, addressed as follows:

STATEMENT OF MATERIAL FACTS AS TO
WHICH THERE IS NO GENUINE DISPUTE- 5

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

1

2    ***NONE

3

4    Dated this 15th day of May, 2008

5

6

7                                    s/Michael E. Piston
                                     Michael E. Piston MI002
8                                    Piston & Carpenter P.C.
                                     4000 Livernois, Suite 110
9                                    Troy, MI  48098
                                     Phone: (248) 524-1936
10                                   Fax: (248) 680-0627
                                     E-mail: michael@piston.net
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

STATEMENT OF MATERIAL FACTS AS TO                  Piston & Carpenter P.C.
WHICH THERE IS NO GENUINE DISPUTE- 6                      4000 Livernois
                                                              Ste 110
                                                         Troy, MI 48098
                                                         (248)524-1936
                                                      michael@piston.net

Michael E. Piston
Alexander G. Vernon
Piston & Carpenter P.C.
4000 Livernois, Suite 110
Troy, MI  48098
(248) 524-1936

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

MATTHEW J. CHANG, 45 Hickory
Drive, Greenwich, CT  06831,

       Plaintiff,

    vs.

MICHAEL CHERTOFF, Secretary of
Homeland Security, U.S. Dept. of
Homeland Security, Washington, D.C.
20528, EMILIO T. GONZALEZ,
Director of the United States
Citizenship and Immigration Services,
20 Massachusetts Ave., N.W.,
Washington, D.C.  20529, ROBERT
MULLER, III, Director of the Federal
Bureau of Investigation, 935
Pennsylvania Avenue, N.W.,
Washington, D.C.  20535, PAUL
NOVAK, Director, United States
Citizenship and Immigration Services'
Vermont Service Center, 75 Lower
Welden Street, St. Albans, VT  05479,

      Defendants.

CASE NO.  1;07-cv-02139

HON. ROYCE C. LAMBERTH

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S  MOTION FOR
SUMMARY JUDGMENT- 1

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

1
2

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

Plaintiff has brought this action pursuant to the Administrative Procedure Act, 5 U.S.C. § 706(1), the Federal Question statute, 28 U.S.C. § 1331 and the Mandamus Act, 28 U.S.C. § 1361, to compel action by the Defendants on his unreasonably delayed Application for Adjustment of Status (form I-485). It is the Defendant United States Citizenship and Immigration Service's (USCIS) own policy that "(w)here the application is otherwise approvable and the FBI name check request has been pending for more than 180 days, the adjudicator shall approve the 1-485, 1-601, 1-687, or 1-698 and proceed with card issuance." Memo, Aytes, Acting Dir. Operations, USCIS, HQ 70/23 & 70/28.1 (Aytes Memo) at 2. (attached as Exhibit A to Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss or Transfer).

21
22
23
24
25

The USCIS requested that the FBI conduct name checks in connection with Plaintiff's form I-485 over three years ago on March 19, 2005. Accordingly, the Plaintiff's name checks have now been

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT- 2

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

pending for well over six times the maximum period which the agency itself considers sufficient in order for a decision to be made on a form I-485.  Further, the reason for the delay is not lack of agency resources, but rather its gross incompetence in failing to submit a name check for Plaintiff's previous name of Jin Woo Chang until over 3 years after the name of Mathew J. Chang was sent to the FBI, as well as its failure to promptly confirm the FBI's receipt of the name after it was finally submitted. Since the USCIS has failed to identify any other reason why the Plaintiff's application for adjustment of status has yet to be adjudicated, the Court should find that the Plaintiff's application has been unreasonably delayed and compel action by the Defendant USCIS on that application within thirty (30) days or any other period the Court deems appropriate.

## STATEMENT OF FACTS

On February 28, 2005, MATTHEW J. CHANG filed an application for adjustment of status on form I-485 (file no. EAC 05 103 51834) with the Vermont Service Center of the

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S  MOTION FOR
SUMMARY JUDGMENT- 3

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

Immigration and Naturalization Service, seeking to adjust his status in the U.S. to that of permanent resident on the basis of the above petition for immigrant worker. I-485 Receipt Notice (attached as Exhibit 1). This application was supported by a Biographical Information Sheet, form G-325A, which disclosed that he had also been known by the name of Jin-Woo Chang. (attached as Exhibit 2). On  March 10, 2005 USCIS requested that the FBI conduct background checks in connection with plaintiff's Form I-485 for the name "Matthew J. Chang". Enzer Declaration ¶ 7.

Plaintiff filed this lawsuit seeking an order directing USCIS to adjudicate his application for adjustment of status on November 29, 2007.  On January 29, 2008 the Plaintiff's application was transferred to the USCIS Hartford Field Office. Enzer Declaration ¶ 3.  On February 4, 2008 USCIS issued a policy memorandum providing, in material part, that "(w)here the application is otherwise approvable and the FBI name check request has been pending for more than 180 days, the adjudicator shall approve the 1-485, 1-601, 1-687, or 1-698 and proceed with card issuance." Memo, Aytes, Acting Dir. Operations, USCIS, HQ 70/23 & 70/28.1

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S  MOTION FOR
SUMMARY JUDGMENT- 4

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

(Aytes Memo). The background check for the name "Matthew J. Chang" was completed by the FBI on February 6, 2008. See Cannon Declaration ¶ 43.  Plaintiff was interviewed on his application for adjustment of status on February 13, 2008 at the Hartford Field Office. Enzer Declaration ¶ 8.  On that same day Ethan Enzer directed his staff to request a background check for the name Jin-Woo Chang. Id. ¶9. On April 11, 2008, having learned that his February 13, 2008 name check request for Jin-Woo Chang "had not gone through" Mr. Enzer asked his staff to resubmit the request. *Id.*  As of today, the Defendants have not yet adjudicated Plaintiff's application for adjustment of status. Pursuant to current USCIS policy, fingerprints taken are valid for a period of 15 months after processing by the FBI. Therefore the current fingerprints for Mr. Chang are valid until August 28, 2008.

If a final decision regarding Plaintiffs application is not reached by that date, another fingerprint appointment will be scheduled for the applicant. IBIS checks were initiated on the applicant on February 13, 2008 are valid for six months. If a final decision regarding Plaintiffs application is not reached by

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT- 5

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

August 12, 2008, a new IBIS check will be necessary. Enzer Declaration ¶6.

The Defendants have provided no explanation for failing to adjudicate Matthew Chang's form I-485 except for the fact that they have not received the results of the mentioned name check requests from the FBI. *Motion to Dismiss or Transfer* at 9.

LEGAL STANDARD FOR A MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when the pleadings and evidence demonstrate that no genuine issue of material fact exists such that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S 317, 322 (1986); *Diamond v. Atwood,* 43 F .3d 1538, 1540 (D. C. Cir, 1995). A genuine issue is one that could change the outcome of the litigation. *See Anderson v. Liberty Lobby, Inc.,* 477 U S 242, 24.3 (1986) The evidence and the inferences drawn therefrom must be considered in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S 574, 587 (1986) The party moving for summary judgment need not prove the absence of an essential

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT- 6

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

element of the nonmoving party's case. *Celotex*, 477 U.S. at 325.

Once the moving party has met its burden, the nonmovant may

not rest on mere allegations, but must proffer specific facts showing

that a genuine issue exists for trial. *Matsushita*, 475 U.S. at 586;

*Hayes v. Shalala,* 902 F Supp . 259, 263 (D D C 1995) (opposition

to summary judgment must consist of more than mere unsupported

allegations or denials); *Johnson v. Digital Equip. Corp.,* 836 F Supp

14, 18 (D.D.C. 1993) (evidence that is merely colorable or not

sufficiently probative is insufficient to defeat summary judgment);

*Baton v. Powell,* 912 F .Supp.. 565, 5'78 (D D C 1996).


ARGUMENT


Plaintiff is entitled to Summary Judgment as a matter of law

based upon the undisputed facts of this matter as set forth in

Plaintiff's Statement of Material Facts as to which there is no

genuine dispute. Summary Judgment is appropriate under Title 28,

section 1361 of the United States Code, which provides that "the

district courts shall have original jurisdiction of any action in the

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S  MOTION FOR
SUMMARY JUDGMENT- 7

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." To obtain relief under section 1361, an individual must establish that he has a clear right to relief and that a federal employee has a clear, nondiscretionary duty to act. See *Heckler v. Ringer*, 466 U.S. 602, 616-17 (1984). As a general concept, an agency may be compelled to exercise power vested in it as long as it has a mandatory duty to act. *See Rural Electrification Admin. v. Northern States Power Co.*, 373 F.2d 686, 687 n. 1 (8th Cir. 1967). In other words, even if the outcome of that exercise rests within the agency's discretion, the agency can be compelled to exercise its discretion. *Com. of Pennsylvania, by Sheppard v. National Ass'n of Flood Insurers*, 520 F.2d 11, 26-27 (3d Cir. 1975), overruled on other grounds by *Pennsylvania v. Porter*, 659 F.2d 306 (3d Cir. 1981) (noting that "mandamus may issue to require the exercise of permissible discretion, although the manner in which the discretionary act is to be performed is not to be directed by the court"); *McQueary v. Laird*, 449 F.2d 608, 611 (10th Cir. 1971) (recognizing that "this court has held that the 1962 Act relating to

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT- 8

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

mandamus against federal officers, employees and agencies authorizes the court to issue mandamus only to require the exercise of permissible discretion, or to compel performance of ministerial duties"). 28 U.S.C. § 1361 has therefore been repeatedly held to provide Courts with subject matter jurisdiction over applications for adjustment of status. *See, e.g., Kaur v. Mukasey,*  2008 WL 1696693 (W.D.Wash.,2008).

The Defendants however claim that this Court has no jurisdiction over this matter under the Mandamus Act because they supposedly have no clear mandatory or ministerial obligation to adjudicate the applications or complete background checks within a particular time frame. However, 5 U.S.C. § 555(b) requires administrative agencies to conclude all matters before them within a "reasonable time", and 5 U.S.C. § 706(1) authorizes this Court to compel agency action "unreasonably delayed".

The fact that neither the statute nor the regulations quantify what is a reasonable time in which to decide an application for adjustment of status simply makes it a question of fact to be determined under all of the circumstances. As another Court held in

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S  MOTION FOR
SUMMARY JUDGMENT- 9

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

reference to the National Traffic Motor Vehicle Safety Act "neither the statute nor the regulations provide a time frame for deciding petitions. The petition has been pending in this case for over seventeen months. In the absence of language setting forth a time frame, the Court looks to the Administrative Procedures Act for further guidance, which, as noted earlier, authorizes a court to 'compel agency action unlawfully withheld or unreasonably delayed.' 5 U.S.C. § 706(1). The statutory language implies that an agency of government is charged with the duty of acting reasonably; therefore, the Court determines that in the absence of a specific timetable, the agency has a duty to decide the petition with a reasonable time." *Intermodal Technologies., Inc. v. Mineta*, 413 F. Supp. 2d 834, 842 (D. Mich. 2006).

In fact, here the Defendants themselves have provided clear guidance as to what constitutes a reasonable time to complete an application for adjustment of status, which, like Mr. Chang's, is approvable except for completion of the background checks.  On February 4, 2008 USCIS issued a policy memorandum providing, in

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

material part, that "(w)here the application is otherwise approvable and the FBI name check request has been pending for more than 180 days, the adjudicator shall approve the 1-485, 1-601, 1-687, or 1-698 and proceed with card issuance." Memo, Aytes, Acting Dir. Operations, USCIS, HQ 70/23 & 70/28.1 (attached as Exhibit A to Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss or Transfer).

Therefore this Court should agree with the Defendant USCIS that 180 days is a reasonable amount of time to complete an application which is otherwise approvable following the submission of an FBI name check. Here the Plaintiff's FBI name check request was submitted to the FBI over 3 years ago on March 19, 2005. Enzer Declaration at ¶ 43. Therefore more than 6 times what the USCIS itself appears to consider a reasonable time has passed for his name checks to be completed. Thus this Court has ample basis for finding that a reasonable time for the processing of Plaintiff's application for adjustment of status has passed and that prompt completion of his application is appropriate under the Mandamus Act.

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

Nevertheless, the Defendants may argue that the Plaintiff is being unreasonable in a demanding that a decision be made now on his application and not, for example, in 180 days of April 11, 2008, the date upon which the name of Jin Woo Chang was submitted to the FBI for a name check.  However, this Court has excellent reason to find that the USCIS's repeated failures to properly process Mr. Chang's name checks should not result in further, and as we will show, potentially indefinite delays in the adjudication of his application for adjustment of status.

First, this Court should be aware that the failure to obtain a resolution of Mr. Chang's name check is solely the result of failures, both systemic and clerical in the processing of Mr. Chang's case and, apparently, in that of all of the many U.S. noncitizens seeking immigration benefits who throughout their lifetime have been known by more than one name. We believe that the Court must have been astonished to read in paragraph 8 of the Enzer Declaration that "USCIS only uses the first page of an application to determine the names to be sent to the FBI for a name check". Of course, nowhere on the form I-485 is it asked whether the applicant

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S  MOTION FOR
SUMMARY JUDGMENT- 12

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

has ever used any other name.  The question does however appear in the form G-325A which was filed simultaneously with Mr. Chang's I-485 and which duly noted under the line All Other Names Used the name "Jin-Woo Chang". A birth certificate reflected that name was filed as well.

Mr. Enzer's bland admission that the USCIS doesn't even look at the form G-325A before determining what names are to be sent to the FBI for a name check is an astonishing testament to gross agency incompetence on a grand scale.  The Court need merely consider how many married women apply for immigration benefits in their married name to get a sense of the amazing amount of wasted time and needless delays which must occur on a daily basis as a result of USCIS's indefensible policy of ignoring all names by which the applicant for adjustment of status may have been previously known by prior to an interview.  This Court would be doing a great service to innumerable applicants for adjustment of status and other immigration benefits by sending a clear message that the agency's failure to submit for name checks assumed names which are disclosed in the application is not a valid basis for delay.

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S  MOTION FOR
SUMMARY JUDGMENT- 13

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

Otherwise, if the Court accepts the Government's excuse here, it will in effect be facilitating an astonishing waste of resources and massive delay in the adjudication process that has no explanation except gross  incompetence on a grand scale.

Further, although not as breathtakingly inept as the systemic failures  to submit alternative names for name checks prior to interviews, it should be noted that Mr. Chang's name check under the name of Jin Woo Chang was also needlessly delayed for nearly two months by the USCIS between February 13, 2008 and April 11, 2008 merely because of the unexplained failure of the name check request to "go through". Enzer Declaration ¶ 9.  There is no evidence in the record that any effort has been made to determine why the name check request didn't "go through" – apparently USCIS just accepts unexplained delays in the name check process as an unalterable fact of life. By refusing to sanguinely accept such delays as valid excuses for delaying Mr. Chang's application for adjustment of status, this Court will encourage USCIS to engage in some badly needed quality improvement in the name checking process.

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S  MOTION FOR
SUMMARY JUDGMENT- 14

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

One hopes that the USCIS will not be so disingenuous as to claim that this matter could be resolved simply by Mr. Chang waiting for 180 days from April 11, 2008, that is to say, October 08, 2008. It will not. That is because the validity of Mr. Chang's fingerprints will expire on August 28, 2008. Therefore "if a final decision regarding Plaintiff's application is not reached by that date, another fingerprint appointment will be scheduled for the applicant" Also, "IBIS checks were initiated on the applicant on February 13, 2008 and are valid for six months. If a final decision regarding Plaintiff's application is not reached by August 12, 2008 new IBIS checks will be necessary" therefore a failure to make a decision on Mr. Chang's application for adjustment of status by August 12, 2008 will result in both new IBIS checks and (since the IBIS checks will undoubtedly not be completed by August 28, 2008), new fingerprint checks.

Of course, it is unknown how long these new IBIS and fingerprint checks will take however, it should be noted that, unlike name checks, there is no agency policy setting a maximum time period for the USCIS to wait for results from the FBI regarding

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT- 15

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

fingerprint checks. Aytes Memo at 2. Therefore failure to adjudicate Mr. Chang's application for adjustment of status by August 12, 2008 may well result in indefinite delays in him becoming a lawful permanent resident.

Finally, it is important to emphasize that there is no legal barrier to the USCIS adjudicating Mr. Chang's application for adjustment of status without completion of the FBI name checks. Rather, the law merely requires that the fingerprint identification checks be resolved prior to the grant of adjustment of status *See, Act* August 26, 1994, P.L. 103-317, Title V, §506(d), 108 Stat. 1766 which provides "the Immigration and Naturalization Service (now USCIS) shall conduct full fingerprint identification checks through the Federal Bureau of Investigation for all individuals over 16 years of age adjusting immigration status in the U.S. pursuant to this Section (amending the Section, 8 U.S.C. §1182, and §1182 n.)." This is the sole statutory basis for the review conducted by the USCIS of an individual's background.

Nor is this merely a case where the Plaintiff is asking for a "judicial order putting the petitioner at the head of the queue

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT- 16

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

(which) would simply move all other back one space and produce no net gain".  Defendants Memorandum of Law in Support of Motion to Dismiss, or in the Alternative to Transfer at 1.  First, as noted before, if agency policy were being followed in this case Mr. Chang's name checks would have been resolved 180 days after they were first submitted on March 29, 2005, that is to say, by September 15, 2005.  Second, there are good reasons to distinguish Mr. Chang even from those name checks which were submitted over three years ago and are still languishing before the FBI. Mr. Chang's name checks have been delayed solely due to USCIS incompetence first in failing to take note of his assumed name which was submitted with his biographical information sheet and second because of Mr. Enzer's staff's inexplicable failure to ensure that his name check request under Jin Woo Chang "went through" until nearly two months after they were first requested.  Under these circumstances, one could hardly imagine a more compelling situation for the USCIS to use one of its 100 weekly expedites to request prompt FBI clearance of Mr. Chang's name check. Cannon Declaration ¶19.

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S  MOTION FOR
SUMMARY JUDGMENT- 17

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

Finally, an order for a decision to be made in this case would result in a net gain to all parties concerned in that it would be strong wake up call to the USCIS to cease its grossly inefficient and utterly indefensible policy of failing to submit the assumed names for applications for adjustment of status when the form I-485 is first filed with the agency rather than waiting years for an interview before requesting a check of applicants' other names, as well as encouraging it to promptly confirm whether those name check requests have "gone through".

Accordingly, inasmuch as the USCIS has a unmistakable statutory duty to adjudicate Mr. Chang's application for adjustment of status within a reasonable time, that the USCIS itself has established 180 days after the submission of FBI name checks as a reasonable time for a decision in an application for adjustment of status which is otherwise approvable, and because the record shows that Mr. Chang's application for adjustment of status here has been delayed not because of the agency's lack of resources but, rather, because of its gross incompetence, both systemic and

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT- 18

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

clerical, in the processing of his alternative name checks, it is

respectfully requested that this Court enter an order of summary

judgment and direct the USCIS to make a decision on Mr. Chang's

application for adjustment of status within 30 days of the date of its

order, or such other reasonable time as the Court may set.

Respectfully submitted,


Dated this 15th day of May, 2008

                                /s Michael E. Piston_____
                                Michael E. Piston MI 002
                                Piston & Carpenter, P.C.
                                4000 Livernois, Suite 110
                                (248)524-1936 telephone
                                (248) 928-0340 facsimile
                                 michael@piston.net

## CERTIFICATE OF SERVICE


I HEREBY CERTIFY that on this date I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system,

which will send notification of such filing to the following CM/ECF

participants:

Jeffrey A. Taylor, United States Attorney

Rudolph Contreras, Assistant United States Attorney

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT- 19

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

1

Brandon L. Lowy, Special Assistant United States Attorney

2

3

I further certify that I have mailed by United States Postal Service

4

the foregoing document to the following non CM/ECF participant,

5

6

addressed as follows:

7

8

***NONE

9

10

Dated this 15th day of May, 2008

11

12

13

s/Michael E. Piston

14

Michael E. Piston MI002

Piston & Carpenter P.C.

15

4000 Livernois, Suite 110

Troy, MI  48098

16

Phone: (248) 524-1936

17

Fax: (248) 680-0627

E-mail: michael@piston.net

18

19

20

21

22

23

24

25

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S  MOTION FOR
SUMMARY JUDGMENT- 20

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

Michael E. Piston
Alexander G. Vernon
Piston & Carpenter P.C.
4000 Livernois, Suite 110
Troy, MI  48098
(248) 524-1936

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW J. CHANG, 45 Hickory Drive, Greenwich, CT  06831, | |
|       Plaintiff, | |
|      vs. | CASE NO.  1;07-cv-02139 |
| MICHAEL CHERTOFF, Secretary of Homeland Security, U.S. Dept. of Homeland Security, Washington, D.C. 20528, EMILIO T. GONZALEZ, Director of the United States Citizenship and Immigration Services, 20 Massachusetts Ave., N.W., Washington, D.C.  20529, ROBERT MULLER, III, Director of the Federal Bureau of Investigation, 935 Pennsylvania Avenue, N.W., Washington, D.C.  20535, PAUL NOVAK, Director, United States Citizenship and Immigration Services' Vermont Service Center, 75 Lower Welden Street, St. Albans, VT  05479, | HON. ROYCE C. LAMBERTH |
|      Defendants. | |

EXHIBIT LIST- 1

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

# **EXHIBIT LIST**

Exhibit 1        Biographic Information              Page 3
                 (Form G-325a)

Exhibit 2        I-485 Fee Receipt                   Page 4

Exhibit 3        Application to Register Permanent   Pages 5-8
                 Residence or Adjust Status
                 (Form I-485)

Respectfully submitted,

Dated this 15th day of May, 2008

                                    /s Michael E. Piston_____
                                    Michael E. Piston MI 002
                                    Piston & Carpenter, P.C.
                                    4000 Livernois, Suite 110
                                    (248)524-1936 telephone
                                    (248) 928-0340 facsimile
                                    michael@piston.net

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

U.S. Department of Justice
Immigration and Naturalization Service

OMB No. 1115-0066

# BIOGRAPHIC INFORMATION

| (Family name) | (First name) | (Middle name) | ☒ MALE ☐ FEMALE | BIRTHDATE (Mo.-Day-Yr.) | NATIONALITY | FILE NUMBER |
|---|---|---|---|---|---|---|
| CHANG | Matthew | J. | | 01/19/1974 | Canada | A-None |

| ALL OTHER NAMES USED (Including names by previous marriages) | CITY AND COUNTRY OF BIRTH | | SOCIAL SECURITY NO. (If any) |
|---|---|---|---|
| Jin-Woo Chang | Seoul | South Korea (ROK) | 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 |

| | FAMILY NAME | FIRST NAME | DATE, CITY AND COUNTRY OF BIRTH (If known) | | CITY AND COUNTRY OF RESIDENCE | |
|---|---|---|---|---|---|---|
| FATHER | CHANG | Ok Sung | 09/24/1941 | Pyongkang, Korea (ROK) | Keswick | Canada |
| MOTHER (Maiden name) | HONG | Book Hee | 09/15/1948 | Chunchon, Korea (ROK) | Keswick | Canada |

| HUSBAND (If none, so state) OR WIFE | FAMILY NAME (For wife, give maiden name) | FIRST NAME | BIRTHDATE | CITY & COUNTRY OF BIRTH | DATE OF MARRIAGE | PLACE OF MARRIAGE |
|---|---|---|---|---|---|---|
| | PARK | Eunji | 08/28/1978 | Seoul Korea (ROK) | 10/21/2003 | Toronto, Canada |

| FORMER HUSBANDS OR WIVES (If none, so state) | | | | | |
|---|---|---|---|---|---|
| FAMILY NAME (For wife, give maiden name) | FIRST NAME | BIRTHDATE | DATE & PLACE OF MARRIAGE | DATE AND PLACE OF TERMINATION OF MARRIAGE | |
| None | | | | | |

APPLICANT'S RESIDENCE LAST FIVE YEARS. LIST PRESENT ADDRESS FIRST

| STREET AND NUMBER | | CITY | PROVINCE OR STATE | COUNTRY | FROM MONTH | FROM YEAR | TO MONTH | TO YEAR |
|---|---|---|---|---|---|---|---|---|
| 7002 Boulevard East | #22L | Guttenberg | NJ | USA | 06 | 2002 | PRESENT TIME | |
| 522 2nd St., 1st Fl. | | Palisades Park | NJ | USA | 09 | 2001 | 06 | 2002 |
| 201 2nd St., Lower Fl. | | Fairview | NJ | USA | 11 | 2000 | 09 | 2001 |
| 14 Riveredge Dr. | | Keswick | ON | Canada | 07 | 2000 | 11 | 2000 |
| 3062 PA | | Rotterdam | | the Netherlands | 01 | 2000 | 06 | 2000 |
| 3430 Aylmer St. | #401 | Montreal | Quebec | Canada | 09 | 1998 | 01 | 2000 |

APPLICANT'S LAST ADDRESS OUTSIDE THE UNITED STATES OF MORE THAN ONE YEAR

| STREET AND NUMBER | CITY | PROVINCE OR STATE | COUNTRY | FROM MONTH | FROM YEAR | TO MONTH | TO YEAR |
|---|---|---|---|---|---|---|---|
| Same as above | | | | | | | |

APPLICANT'S EMPLOYMENT LAST FIVE YEARS. (IF NONE, SO STATE) LIST PRESENT EMPLOYMENT FIRST

| FULL NAME AND ADDRESS OF EMPLOYER | | OCCUPATION (SPECIFY) | FROM MONTH | FROM YEAR | TO MONTH | TO YEAR |
|---|---|---|---|---|---|---|
| Shumway Capital Partners LLC, Greenwich, CT | | Financial Analyst | 02 | 2005 | PRESENT TIME | |
| L-R Managers, LLC    430 Park Ave. New York NY | | Financial Analyst | 09 | 2002 | 02 | 2005 |
| Rockerfeller&Co.,Inc.   New York, NY | | Analyst/Economist | 11 | 2000 | 08 | 2002 |
| Travelled | Western Europe | N/A | 07 | 2000 | 10 | 2000 |
| McGill University | Montreal, PQ, Canada | MBA Student | 09 | 1998 | 06 | 2000 * |

| Show below last occupation abroad if not shown above. (Include all information requested above.) | | | | | |
|---|---|---|---|---|---|
| Same as above | | | | | |

| THIS FORM IS SUBMITTED IN CONNECTION WITH APPLICATION FOR: | SIGNATURE OF APPLICANT | DATE |
|---|---|---|
| ☐ NATURALIZATION  ☒ STATUS AS PERMANENT RESIDENT  ☐ OTHER (SPECIFY) | *Matthew Chang* | 2/24/05 |
| Submit all four pages of this form. | If your native alphabet is other than roman letters, write your name in your native alphabet here: | |

PENALTIES: SEVERE PENALTIES ARE PROVIDED BY LAW FOR KNOWINGLY AND WILLFULLY FALSIFYING OR CONCEALING A MATERIAL FACT.

# APPLICANT: BE SURE TO PUT YOUR NAME AND ALIEN REGISTRATION NUMBER IN THE BOX OUTLINED BY HEAVY BORDER BELOW.

| COMPLETE THIS BOX (Family Name) | (Given name) | (Middle name) | (Alien registration number) |
|---|---|---|---|
| CHANG | Matthew | J. | None |

Form G-325 A (Rev. 09/11/00)Y

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER<br>EAC-05-103-51834 | CASE TYPE I485    APPLICATION TO ADJUST TO PERMANENT<br>RESIDENT STATUS |
|---|---|
| RECEIVED DATE<br>February 28, 2005 | PRIORITY DATE | APPLICANT    A98 899 066<br>CHANG, MATTHEW J. |
| NOTICE DATE<br>March 2, 2005 | PAGE<br>1 of 1 | |

| | |
|---|---|
| JUDY J. CHANG ESQ<br>HELLER IMMIGRATION LAW GROUP LLP<br>473 PINE ST 4TH FLOOR<br>SAN FRANCISCO CA 94104 | Notice Type:  Receipt Notice<br><br>Amount received: $  385.00<br>Section: Adjustment as direct<br>         beneficiary of immigrant<br>         petition |

**Receipt notice** - If any of the above information is incorrect, call customer service immediately.

**Processing time** - Processing times vary by kind of case.
  - You can check our current processing time for this kind of case on our website at **uscis.gov**.
  - On our website you can also sign up to get free e-mail updates as we complete key processing steps on this case.
  - Most of the time your case is pending the processing status will not change because we will be working on others filed earlier.
  - We will notify you by mail when we make a decision on this case, or if we need something from you. If you move while this case is pending, call customer service when you move.
  - Processing times can change.  If you don't get a decision or update from us within our current processing time, check our website or call for an update.

If you have questions, check our website or call customer service.  Please save this notice, and have it with you if you contact us about this case.

**Notice to all customers with a pending I-130 petition** - USCIS is now processing Form I-130, Petition for Alien Relative, as a visa number becomes available.  Filing and approval of an I-130 relative petition is only the first step in helping a relative immigrate to the United States.  Eligible family members must wait until there is a visa number available before they can apply for an immigrant visa or adjustment of status to a lawful permanent resident. This process will allow USCIS to concentrate resources first on cases where visas are actually available. This process should not delay the ability of one's relative to apply for an immigrant visa or adjustment of status. Refer to **www.state.gov/travel** <http://www.state.gov/travel> to determine current visa availability dates. For more information, please visit our website at www.uscis.gov or contact us at 1-800-375-5283.

Always remember to call customer service if you move while your case is pending.  If you have a pending I-130 relative petition, also call customer service if you should decide to withdraw your petition or if you become a U.S. citizen.

Please see the additional information on the back.  You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Customer Service Telephone: (800) 375-5283



U.S. Department of Justice
Immigration and Naturalization Service

OMB No. 1115-0053
**Form I-485, Application to Register
Permanent Residence or Adjust Status**

## START HERE - Please Type or Print

FOR INS USE ONLY

## Part 1.  Information about you.

| Family Name CHANG | Given Name Matthew | Middle Initial J. |
|---|---|---|

Address - C/O

| Street Number and Name  7002 Boulevard East | Apt. #  #22L |
|---|---|

City  Guttenberg

| State  NJ | Zip Code  07093 |
|---|---|

| Date of Birth (month/day/year)  01/19/1974 | Country of Birth  South Korea (ROK) |
|---|---|

| Social Security #  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 | A # (if any)  None |
|---|---|

| Date of Last Arrival (month/day/year)  08/15/2004 | I-94 #  082783030 11 |
|---|---|

| Current INS Status  H-1B | Expires on (month/day/year)  06/30/05 (H-1B transfer filed) |
|---|---|

**FOR INS USE ONLY**

Returned

Receipt

Resubmitted

Reloc Sent

Reloc Rec'd

☐ Applicant Interviewed

## Part 2.  Application Type.    *(Check one)*

I am applying for adjustment to permanent resident status because

a. ☒ an immigrant petition giving me an immediately available immigrant visa number has been approved. (Attach a copy of the approval notice-- or a relative, special immigrant juvenile, or special immigrant military visa petition filed with this application that will give you an immediately available visa number, if approved.)

b. ☐ My spouse or parent applied for adjustment of status or was granted lawful permanent residence in an immigrant visa category that allows derivative status for spouses and children.

c. ☐ I entered as a K-1 fiance(e) of a U.S. citizen whom I married within 90 days of entry, or I am the K-2 child of such a fiance(e) [Attach a copy of the fiance(e) petition approval notice and the marriage certificate.]

d. ☐ I was granted asylum or derivative asylum status as the spouse or child of a person granted asylum and am eligible for adjustment.

e. ☐ I am a native or citizen of Cuba admitted or paroled into the U.S. after January 1, 1959, and thereafter have been physically present in the U.S. for at least one year.

f. ☐ I am the husband, wife, or minor unmarried child of a Cuban described in (e) and am residing with that person, and was admitted or paroled into the U.S. after January 1, 1959, and thereafter have been physically present in the U.S. for at least one year.

g. ☐ I have continuously resided in the U.S. since before January 1, 1972.

h. ☒ Other basis of eligibility. Explain. (If additional space is needed, use a separate piece of paper.)
   **I-140 & I-485 concurrent filing principal applicant.**

I am already a permanent resident and am applying to have the date I was granted permanent residence adjusted to the date I originally arrived in the U.S. as a nonimmigrant or parolee, or as of May 2, 1964, whichever date is later, and:    *(Check one)*

i. ☐ I am a native or citizen of Cuba and meet the description in (e), above.

j. ☐ I am the husband, wife or minor unmarried child of a Cuban, and meet the description in (f), above.

**Section of Law**

☐ Sec. 209(b), INA
☐ Sec. 13, Act of 9/11/57
☐ Sec. 245, INA
☐ Sec. 249, INA
☐ Sec. 1 Act of 11/2/66
☐ Sec. 2 Act of 11/2/66
☐ Other

**Country Chargeable**

**Eligibility Under Sec. 245**
☐ Approved Visa Petition
☐ Dependent of Principal Alien
☐ Special Immigrant
☐ Other

**Preference**

**Action Block**

**To Be Completed by
Attorney or Representative, if any**

☒ Fill in box if G-28 is attached to represent the applicant
VOLAG#

ATTY State License #

*Continued on back.*

Form I-485 (Rev. 02/07/00)N Page 1

## Part 3.  Processing Information

| A. City/Town/Village of Birth | Seoul | Current occupation | Financial Analyst |
|---|---|---|---|
| Your mother's first name | Book Hee | Your father's first name | Ok Sung |

Give your name exactly how it appears on your Arrival/Departure Record (Form I-94)

Matthew Chang

| Place of last entry into the U.S. (City/State) | In what status did you last enter? *(Visitor, Student, exchange alien, crewman, temporary worker, without inspection, etc.)* |
|---|---|
| Miami, FL | |
| Were you inspected by a U.S. Immigration Officer?    ☒ Yes  ☐ No | H-1B |

| Nonimmigrant Visa Number    N/A (Canadian) | Consulate where Visa was issued  N/A |
|---|---|
| Date Visa was issued (month/day/year)    N/A | Sex:  ☒ Male  ☐ Female | Marital Status  ☒ Married  ☐ Single  ☐ Divorced  ☐ Widowed |

Have you ever before applied for permanent resident status in the U.S.?    ☒ No    ☐ Yes If you checked "Yes," give date and place of filing and final disposition.

**B.** List your present husband/wife, all of your sons and daughters (if you have none, write "none". If additional space is needed, use separate paper).

| Family Name  PARK | Given Name  Eunji | Middle Initial | Date of Birth (month/day/year)  08/28/1978 |
|---|---|---|---|
| Country of Birth  Korea (ROK) | Relationship  Wife | A #  None | Applying with you?  ☒ Yes  ☐ No |
| Family Name | Given Name | Middle Initial | Date of Birth (month/day/year) |
| Country of Birth | Relationship | A # | Applying with you?  ☐ Yes  ☐ No |
| Family Name | Given Name | Middle Initial | Date of Birth (month/day/year) |
| Country of Birth | Relationship | A # | Applying with you?  ☐ Yes  ☐ No |
| Family Name | Given Name | Middle Initial | Date of Birth (month/day/year) |
| Country of Birth | Relationship | A # | Applying with you?  ☐ Yes  ☐ No |
| Family Name | Given Name | Middle Initial | Date of Birth (month/day/year) |
| Country of Birth | Relationship | A # | Applying with you?  ☐ Yes  ☐ No |

**C.** List your present and past membership in or affiliation with every political organization, association, fund, foundation, party, club, society, or similar group in the United States or in other places since your 16th birthday. Include any foreign military service in this part. If none, write "none". Include the name(s) of organization(s), location(s), dates of membership from and to, and the nature of the organization(s). If additional space is needed, use a separate piece of paper.

None

---

## Part 3. Processing Information    *(Continued)*

Please answer the following questions. (If your answer is "Yes" on any one of these questions, explain on a separate piece of paper. Answering "Yes" does not necessarily mean that you are not entitled to register for permanent residence or adjust status).

1.  Have you ever, in or outside the U.S.:
    a.  knowingly committed any crime of moral turpitude or a drug-related offense for which you have not been arrested? ☐ Yes  ☒ No
    b.  been arrested, cited, charged, indicted, fined, or imprisoned for breaking or violating any law or ordinance, excluding traffic violations? *( See: Addendum , attached )* ☒ Yes ✻ ☐ No
    c.  been the beneficiary of a pardon, amnesty, rehabilitation decree, other act of clemency or similar action? ☒ Yes ✻ ☐ No
    d.  exercised diplomatic immunity to avoid prosecution for a criminal offense in the U.S.? ☐ Yes  ☒ No

2.  Have you received public assistance in the U.S. from any source, including the U.S. government or any state, county, city, or municipality (other than emergency medical treatment), or are you likely to receive public assistance in the future? ☐ Yes  ☒ No

3.  Have you ever:
    a.  within the past 10 years been a prostitute or procured anyone for prostitution, or intend to engage in such activities in the future? ☐ Yes  ☒ No
    b.  engaged in any unlawful commercialized vice, including, but not limited to, illegal gambling? ☐ Yes  ☒ No
    c.  knowingly encouraged, induced, assisted, abetted or aided any alien to try to enter the U.S. illegally? ☐ Yes  ☒ No
    d.  illicitly trafficked in any controlled substance, or knowingly assisted, abetted or colluded in the illicit trafficking of any controlled substance? ☐ Yes  ☒ No

4.  Have you ever engaged in, conspired to engage in, or do you intend to engage in, or have you ever solicited membership or funds for, or have you through any means ever assisted or provided any type of material support, to any person or organization that has ever engaged or conspired to engage, in sabotage, kidnapping, political assassination, hijacking, or any other form of terrorist activity? ☐ Yes  ☒ No

5.  Do you intend to engage in the U.S. in:
    a.  espionage? ☐ Yes  ☒ No
    b.  any activity a purpose of which is opposition to, or the control or overthrow of, the Government of the United States, by force, violence or other unlawful means? ☐ Yes  ☒ No
    c.  any activity to violate or evade any law prohibiting the export from the United States of goods, technology or sensitive information? ☐ Yes  ☒ No

6.  Have you ever been a member of, or in any way affiliated with, the Communist Party or any other totalitarian party? ☐ Yes  ☒ No

7.  Did you, during the period March 23, 1933 to May 8, 1945, in association with either the Nazi Government of Germany or any organization or government associated or allied with the Nazi Government of Germany, ever order, incite, assist or otherwise participate in the persecution of any person because of race, religion, national origin or political opinion? ☐ Yes  ☒ No

8.  Have you ever engaged in genocide, or otherwise ordered, incited, assisted or otherwise participated in the killing of any person because of race, religion, nationality, ethnic origin, or political opinion? ☐ Yes  ☒ No

9.  Have you ever been deported from the U.S., or removed from the U.S. at government expense, excluded within the past year, or are you now in exclusion or deportation proceedings? ☐ Yes  ☒ No

10. Are you under a final order of civil penalty for violating section 274C of the Immigration Act for use of fraudulent documents or have you, by fraud or willful misrepresentation of a material fact, ever sought to procure, or procured, a visa, other documentation, entry into the U.S., or any other immigration benefit? ☐ Yes  ☒ No

11. Have you ever left the U.S. to avoid being drafted into the U.S. Armed Forces? ☐ Yes  ☒ No

12. Have you ever been a J nonimmigrant exchange visitor who was subject to the two-year foreign residence requirement and not yet complied with that requirement or obtained a waiver? ☐ Yes  ☒ No

13. Are you now withholding custody of a U.S. Citizen child outside the U.S. from a person granted custody of the child? ☐ Yes  ☒ No

14. Do you plan to practice polygamy in the U.S.? ☐ Yes  ☒ No

---

*Continued on back*    Form I-485 (Rev. 02/07/00)N Page 3

**Part 4. Signature.** *(Read the information on penalties in the instructions before completing this section. You must file this application while in the United States.)*

I certify, under penalty of perjury under the laws of the United States of America, that this application and the evidence submitted with it is all true and correct. I authorize the release of any information from my records which the INS needs to determine eligibility for the benefit I am seeking.

**Selective Service Registration. The following applies to you if you are a man at least 18 years old, but not yet 26 years old, who is required to register with the Selective Service System:** I understand that my filing this adjustment of status application with the Immigration and Naturalization Service authorizes the INS to provide certain registration information to the Selective Service System in accordance with the Military Selective Service Act. Upon INS acceptance of my application, I authorize INS to transmit to the Selective Service System my name, current address, Social Security number, date of birth and the date I filed the application for the purpose of recording my Selective Service registration as of the filing date. If, however, the INS does not accept my application, I further understand that, if so required, I am responsible for registering with the Selective Service by other means, provided I have not yet reached age 26.

| Signature | *Print Your Name* | *Date* | *Daytime Phone Number* |
|---|---|---|---|
| *Matthew Chang* | Matthew J. CHANG | 2/24/05 | 201-390-7318 |

*Please Note:* *If you do not completely fill out this form, or fail to submit required documents listed in the instructions, you may not be found eligible for the requested document and this application may be denied.*

**Part 5.  Signature of person preparing form if other than above.**   *(Sign Below)*

I declare that I prepared this application at the request of the above person and it is based on all information of which I have knowledge.

| Signature | *Print Your Name* | *Date* | *Daytime Phone Number* |
|---|---|---|---|
|  | Judy J. Chang, Esq. | 2/24/05 | (415) 291-8000 |
| *Firm Name and Address* | Heller Immigration Law Group, LLP 473 Pine St. 4th Floor, San Francisco, CA 94104 | | |

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

MATTHEW J. CHANG, 45 Hickory
Drive, Greenwich, CT  06831,

       Plaintiff,

    vs.

MICHAEL CHERTOFF, Secretary of
Homeland Security, U.S. Dept. of
Homeland Security, Washington, D.C.
20528, EMILIO T. GONZALEZ,
Director of the United States
Citizenship and Immigration Services,
20 Massachusetts Ave., N.W.,
Washington, D.C.  20529, ROBERT
MULLER, III, Director of the Federal
Bureau of Investigation, 935
Pennsylvania Avenue, N.W.,
Washington, D.C.  20535, PAUL
NOVAK, Director, United States
Citizenship and Immigration Services'
Vermont Service Center, 75 Lower
Welden Street, St. Albans, VT  05479,

    Defendants.

CASE NO.  1;07-cv-02139

HON. ROYCE C. LAMBERTH

## <u>ORDER</u>

    AND NOW, this _____ day of _____, 2008, upon

consideration of Plaintiff's Motion for Summary Judgment and

Memorandum of Points and Authorities in Support of Plaintiff's

Motion for Summary Judgment, IT IS HEREBY ORDERED THAT:

Plaintiff's Motion is GRANTED and that Plaintiff's application for adjustment of status be adjudicated within 30 days; Defendants' Motion to Dismiss or Transfer is hereby DENIED.


_____
Royce C. Lamberth
United States District Judge