Michael E. Piston
Piston & Carpenter P.C.
4000 Livernois, Suite 110
Troy, MI  48098
(248) 524-1936

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW J. CHANG,<br><br>           Plaintiff,<br><br>      vs.<br><br>MICHAEL CHERTOFF, Secretary of Homeland Security, U.S. Dept. of Homeland Security, Washington, D.C. 20528, EMILIO T. GONZALEZ**,** Director of the United States Citizenship and Immigration Services, 20 Massachusetts Ave., N.W., Washington, D.C.  20529, ROBERT MULLER, III, Director of the Federal Bureau of Investigation, 935 Pennsylvania Avenue, N.W., Washington, D.C.  20535, PAUL NOVAK, Director, United States Citizenship and Immigration Services' Vermont Service Center, 75 Lower Welden Street, St. Albans, VT  05479,<br><br>           Defendants. | CASE NO.  1;07-cv-02139<br><br>HON. ROYCE C. LAMBERTH |

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 1

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

# PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

I. THE DISCRETIONARY NATURE OF ADJUSTMENT IS NO BAR TO MANDAMUS RELIEF

The Defendants claim that "Plaintiff cannot establish mandamus jurisdiction or state a claim for mandamus relief. ... The approval of an adjustment of status application and the timing of the FBI's security investigation and background checks are subject to agency discretion, and Plaintiff has no clear right to agency action." Defendants' Memorandum in Support of Defendants' Alternative Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment (Defendants' Memorandum) at 4. However, contrary to the Defendants argument, "when an agency is compelled by law to act, but the manner of its action is left to the agency's discretion, the 'court can compel the agency to act, [although it] has no power to specify what th[at] action must be.'" *Kaufman v. Mukasey*, 524 F.3d 1334, 1337-1338 (C.A.D.C. 2008), quoting *Norton v. S. Utah Wilderness Alliance,* 542 U.S. 55, 65

PLAINTIFF'S REPLY TO DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT- 2

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

(2004).

The Defendants do not, and cannot, reasonably dispute that they are not compelled by law to act upon the Plaintiff's application for adjustment of status. 8 U.S.C. § 1255(a) provides that:

> "The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed."

Thus there is no statutory language authorizing the Secretary of Homeland Security to shelve an application for adjustment of status and pay it no mind whatsoever. The statute states simply that the Secretary may deny or grant an application for reasons within his discretion. In fact, 8 U.S.C § 1103 states that "[t]he Attorney General shall be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens." (emphasis added) which appears to require

PLAINTIFF'S REPLY TO DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT- 3

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

that the Secretary of Homeland Security act upon applications for adjustment of status which are properly filed under the Act, since this is a duty inherent in the administration and enforcement of immigration laws.  Likewise, the Code of Federal Regulations provides, among other things, that "the applicant shall be notified of the decision of the director, and, if the application is denied, the reasons for the denial." 8 C.F.R. § 245.2 (emphasis added). In other words, the statutes and the regulation provide that certain action shall be taken by Defendants even if the ultimate determination of how they will act is committed to their discretion. Accordingly, regardless of their ultimate decision, Defendants have a nondiscretionary duty to act on applications for adjustment of status, *Yu v. Brown*, 36 F. Supp. 2d 922, 931 (D.N.M. 1999), *Alsharqawi v. Gonzales*, 2007 U.S. Dist. LEXIS 29808 (D. Tex. 2007),

    Therefore this Court can compel the Defendants to act although it has no power to specify what that action must be.

PLAINTIFF'S REPLY TO DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT- 4

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

## II. THE DELAY OF THE PLAINTIFF'S APPLICATION IS EGREGIOUS

Further, the delay of the adjudication of Mr. Chang's application for adjustment of status has indeed been egregious in that the Plaintiff has received disparate treatment from other applicants for adjustment of status who filed their applications at the same time, or even later than him. *Sandoz, Inc. v. Leavitt*, 427 F.Supp.2d 29, 39-40 (D.D.C., 2006).

This is what distinguishes this action from *In re Barr Labs Inc.*, 930 F.2d 72 (D.C. Cir. 1991), *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094 (D.C. Cir. 2003), and *Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105 ( D.D.C. 2005). In each of those cases the Plaintiff was subject to the same delays experienced by other parties seeking similar benefits from the agencies due primarily to their lack of resources. In such cases the courts have properly found that no benefit would accrue simply by pushing the Plaintiffs to the head of the line to the prejudice of other applicants. Rather, this circuit held that the delay would have to be egregious to merit mandamus relief. *Barr Labs*, 930 F.2d at 75. In *Sandoz* however,

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 5

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

the Court found that the delays incurred by the Plaintiff in the FDA review process were indeed egregious in that apparently other drug manufacturers similarly situated to the Plaintiff were receiving actions on their applications while the Plaintiff's request languished.

This is exactly the case here. The USCIS website indicates that its Hartford Field Office is processing forms I-485 filed in March 2007, two years after Plaintiff's was filed. See Hartford CT Processing Dates Post May 15, 2008 online at https://egov.uscis.gov/cris/jsps/officeProcesstimes.jsp?selectedOffice=31. Further, Plaintiff's name checks have still not been completed even though they were submitted over three years ago, Enzer Declaration ¶7, despite the agency policy that USCIS adjudicators "shall" approve otherwise approvable applications if no adverse information is received from the FBI within 180 days of the name check being filed." Memo, Aytes, Acting Dir. Operations, USCIS, HQ 70/23 & 70/28.1 (Aytes Memo) at 2.

PLAINTIFF'S REPLY TO DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT- 6

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

This extraordinary delay is due not to lack of agency resources. The FBI has in fact completed the name check on the name which was given to it by the USCIS. Cannon Declaration ¶43.[1] Rather, the only source of delay is the Defendant's inexcusable failure to submit the name of Jin-Woo Chang to the FBI for checking until February 13, 2008, nearly three years after it was disclosed to the agency on his Biographical Information Sheet, Enzer Declaration ¶8,[2] and the agency's inexplicable failure to ascertain that its February 13, 2008 name check request actually reached the FBI until April 11, 2008. *Id.*

While the Defendants' counsel claimed that USCIS staff has followed the USCIS Standard Operating Procedure in processing Plaintiff's application, Defendant's memorandum at 9, in fact the

---

[1] Although as of April 25, 2008, USCIS had not yet received a response regarding its name check from the FBI, presumably Defendants' counsel has now informed Mr. Enzer that in fact the name checks for Matthew Chang have been completed and provided him with the results thereof.

[2] Defendants suggest, without authority, that the Plaintiff should have entered the name of Jin-Woo Chang as his "given" name on the form I-485. Defendants' Memorandum at 9. However, Merriman Webster's Online Dictionary defines "given name" as "a name that precedes one's surname; especially : first name". Online at http://www.merriam-webster.com/dictionary/given%20name. As Defendants concede, "Matthew", the name which appears on his passport and form I-94, is indeed Plaintiff's "first" name. In any event, the issue is a moot one, since even if Plaintiff had entered Jin-Woo Chang as his given name on the form I-485, and listed "Matthew Chang" under "all other names used" on the form G-325A, the name Matthew Chang would not have been "discovered" and submitted to the FBI for checking until his interview, and his I-485 would have been delayed exactly as it is now.

| | |
|---|---|
| PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 7 | Piston & Carpenter P.C.<br>4000 Livernois<br>Ste 110<br>Troy, MI 48098<br>(248)524-1936<br>michael@piston.net |

only claim which Mr. Enzer makes regarding the Standard Operating Procedures of the USCIS is that "the SOPs for the opening of files for new adjustment of status applications state that, for the purpose of a primary name check, an applicant's name is to be taken from the first page of the form I-485 portion of the application submitted." Enzer Supplemental Declaration ¶3. Nowhere does Mr. Enzer claim that the USCIS SOPs preclude the submission of "all other names used" from the Biographical Information Sheet as even the most basic logic would indicate, and which Mr. Enzer himself did do when someone finally bothered to look at Mr. Chang's Biographic Information Sheet nearly three years after it was filed.

Further, the Defendants have failed to submit to this court a copy of the USCIS Standard Operating Procedure which supposedly dictates this incredibly inefficient and illogical way of pursuing name checks.[3] Thus Defendants' claim that it was in accordance

---

[3] Mr. Enzer's Supplemental Declaration seeks to present the process of reviewing an applicant for adjustment of status's file to glean other names requiring checking as a relatively major undertaking stating, that "the officer must review birth certificates, the form G-325A, copies of passports, marriage certificates, divorce papers, and other documents." Enzer Supplemental Declaration ¶4. However, simply submitting the information from the "all other

PLAINTIFF'S REPLY TO DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT- 8

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

with USCIS procedures that Defendants first acted on Plaintiff's other name ("Jin Woo Chang") at the time of Plaintiff's interview in February, 2008 is not supported by the record. There is nothing in the Enver Declaration or Supplemental Declaration which specifically states that the USCIS' failure to submit the name of Jin-Woo Chang to the FBI was indeed consistent with USCIS Standard Operating Procedure or any other USCIS policy. Rather, Mr. Enzer merely states that it is the responsibility of the adjudicating officer to check for alternative names at the time of the interview. *See* Enzer Supplemental Declaration ¶¶ 3-5.

Nothing in Mr. Enzer's Declarations specifically indicates that there is no obligation to submit the "all other names used" from the Biographical Information Sheet at the time that the Plaintiff's given name from the form I-485 is submitted to the FBI. Further, such a policy, if it exists at all, apparently appears nowhere in writing, much less in the USCIS' regulations and therefore is not entitled to

---

names used" line of the form G-325A is every bit a mechanical and/or clerical procedure as the submission of the Plaintiff's name from the form I-485. It doesn't require any investigation whatsoever, it could and certainly should have been done at the same time that the name check for Matthew Chang was submitted to the FBI.

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 9

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

any deference from this court.[4] Therefore, whether the mistake was made at an policy level or was simply the oversight of the clerical employee who first reviewed Mr. Chang's file, it is apparent that Mr. Chang has been the victim of USCIS error which has had a disparate impact upon his case and therefore the delays in his application are egregious.

### III. THE PLAINTIFF'S APPLICATION HAS BEEN UNREASONABLY DELAYED

More than three years is not a reasonable time in which to complete the Plaintiff's name check when the agency itself has set a 180 day limit on such checks. Nevertheless, the Defendants, while agreeing that the court must apply a rule of reason analysis to facts of this case to determine whether mandamus relief is warranted, dispute that the 180 days which its own policy has established as the maximum period of time that an adjudicator may wait for the completion of FBI name checks is a reasonable time. They further irrelevantly claim that the Aytes memo's policy guidance does not

---

[4] Even "[i]nterpretations such as those in opinion letters-like interpretations contained in policy statements, agency manuals, and enforcement guidelines, … lack the force of law (and so) do not warrant Chevron-style deference."

PLAINTIFF'S REPLY TO DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT- 10

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

amount to a congressional dictate requiring USCIS to make a final decision within a particular timeframe. Defendants' Memorandum at 6.

Of course, the Plaintiff makes no claim that the Aytes Memo has the force of law, but instead merely suggests that the agency's policy itself provides a useful guidepost for the court to consider in determining what constitutes a reasonable time for the USCIS to wait for a response from the FBI on name checks. Plaintiff's position on this issue in consistent with that of the U.S. Supreme Court, which recently looked to a proposed Department of Justice regulation for guidance in ruling that a respondent in removal proceedings could withdraw his request for voluntary departure even after it was granted. The court commented that "Although not binding in the present case, the DOJ's proposed interpretation of the statutory and regulatory scheme as allowing an alien to withdraw from a voluntary departure agreement 'warrants respectful consideration.'" *Dada v. Mukasey,* 554 U.S. at ___, slip

---

*Christensen v. Harris County*, 529 U.S. 576, 587 (2000).
PLAINTIFF'S REPLY TO DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT- 11

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

opinion at 18. (June 16, 2008).

Here the USCIS's policy is not merely proposed, but actually implemented and in fact is binding upon all USCIS adjudicators.[5] Certainly it therefore warrants at least as much, if not more, respectful consideration from this court than the mere proposed regulation which the Supreme Court found persuasive in *Dada.*

The Defendants also suggest that the Aytes memo is somehow inapplicable to Mr. Chang's name checks in that they were submitted before the memo was promulgated. However, Mr. Aytes' memo is unambiguously applicable to all FBI name checks which have been pending for more than 180 days and contains no exceptions for those filed before the date of the memorandum itself.

IV. THERE IS NO NATIONAL INTEREST IN FURTHER DELAYING MR. CHANG'S APPLICATION

---

[5] "Where the application is otherwise approvable and the FBI name check request has been pending for more than 180 days, the adjudicator **shall** approve the 1-485, 1-601, 1-687, or 1-698 and proceed with card issuance." Aytes Memo at 2. (emphasis added).

PLAINTIFF'S REPLY TO DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT- 12

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

Plaintiff further claims that the impact of these delays upon Mr. Chang is insubstantial compared with the national interest in complete and thorough background checks. Congress has indeed spoken to its concern that fingerprint identification checks be resolved prior to the grant of adjustment of status. *See, Act* August 26, 1994, P.L. 103-317, Title V, §506(d), 108 Stat. 1766 which provides "the Immigration and Naturalization Service (now USCIS) shall conduct full fingerprint identification checks through the Federal Bureau of Investigation for all individuals over 16 years of age adjusting immigration status in the U.S. pursuant to this Section (amending the Section, 8 U.S.C. §1182, and §1182 n.)."

By contrast, Congress has required no such mandatory completion of name checks. Rather this is entirely a USCIS created policy which it is apparently so little concerned about itself as to instruct its adjudication officers that applications can be approved where name checks have been left without resolution for over 180 days. As Mr. Aytes points out in his memorandum, "If derogatory or adverse information is received from the FBI after the application is approved, USCIS will determine if rescission or removal proceedings

PLAINTIFF'S REPLY TO DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT- 13

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

are appropriate and warranted." Aytes Memo at 2.

Likewise, if Mr. Chang's application for adjustment of status is approved now, and later adverse information arises regarding his previously used name of Jin-Woo Chang, the USCIS may determine if rescission or removal proceedings are appropriate and warranted. Finally, the USCIS could place itself in compliance with the Aytes memo and still do a thorough name check on Mr. Chang simply by using one of its 100 weekly expedites to expedite Mr. Chang's name check with the FBI. Cannon Declaration ¶19. Mr. Chang certainly meets the USCIS expedite criteria in that the delays of his case are the result of "USCIS error." See USCIS Expedite Criteria online at http://www.uscis.gov/portal/site/uscis/template.PRINT/menuitem.5af9bb95919f35e66f614176543f6d1a/?vgnextoid=38a127720928f010VgnVCM1000000ecd190aRCRD&vgnextchannel=a9243529fdb7e010VgnVCM1000000ecd190aRCRD.

V. PRIORITIZING PLAINTIFF'S APPLICATION IS APPROPRIATE IN LIGHT OF THE EGREGIOUS DELAYS HE HAS SUFFERED DUE TO USCIS ERRORS

PLAINTIFF'S REPLY TO DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT- 14

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

Nor would prioritizing Plaintiff's application simply delay Defendants' adjudication and screening of other individuals seeking immigration benefits. Not only has Plaintiff's application for adjustment of status been delayed for two years beyond the time frame for similarly situated applications in the Hartford, Connecticut office, but, additionally, the Plaintiffs application has been delayed both because of the Defendants inexplicable and inexcusable failure to submit his birth name when his application for adjustment of status was first reviewed, but, also, due to its equally inexplicable and inexcusable failure to follow up with the FBI to confirm that when his birth name was finally submitted to the FBI in February 13, 2008 that it was actually received by that agency.

VI. THE AGENCIES' EFFORTS TO ADDRESS NAME CHECK DELAYS ARE IRRELEVANT TO PLAINTIFF'S CLAIMS

Finally, the systematic efforts which Defendants may be making to address the prominence of name check delays as a whole are irrelevant to this case, in that the delays here arise not out of

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 15

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

problems in the name check program in general but rather through repeated errors in the processing of Plaintiff's name checks. Nor does the FBI or USCIS claim to be addressing the source of these delays, in that there is nothing in the Defendants' memorandum which indicate that it will be changing any policy of not submitting all the other names used from the Biographical Information Sheet until the applicant's interview, nor that it will be following up with the FBI to ensure that USCIS name check requests have actually reached it.

## CONCLUSION

The Plaintiff's application for adjustment of status has been delayed not because of systematic problems in the name check program common to other applicants, but because of two unexplained and inexplicable errors in his case which the USCIS, even at this late date, is making no effort whatsoever to address. The delays in the Plaintiff's case therefore are, indeed, egregious and are easily resolved by the USCIS simply expediting the Plaintiff's name check or by complying with the Aytes

PLAINTIFF'S REPLY TO DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT- 16

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

memorandum's mandate to adjudicate cases, such as the Plaintiff's, where the name checks were submitted over 180 days ago.

Therefore this court should grant summary judgment and order the Defendant to adjudicate Plaintiff's application for adjustment of status within 30 days of its order in this matter, or in such other reasonable time as the court requires.

Dated this 17th day of June, 2008

/s Michael E. Piston
Michael E. Piston MI 002
Piston & Carpenter, P.C.
4000 Livernois, Suite 110
(248)524-1936 telephone
(248) 928-0340 facsimile
michael@piston.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Jeffrey A. Taylor, United States Attorney

Rudolph Contreras, Assistant United States Attorney

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 17

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net

Brandon L. Lowy, Special Assistant United States Attorney

I further certify that I have mailed by United States Postal Service the foregoing document to the following non CM/ECF participant, addressed as follows:

***NONE

Dated this 17th day of June, 2008

                s/Michael E. Piston
Michael E. Piston MI002
Piston & Carpenter P.C.
4000 Livernois, Suite 110
Troy, MI  48098
Phone: (248) 524-1936
Fax: (248) 680-0627
E-mail: michael@piston.net

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 18

Piston & Carpenter P.C.
4000 Livernois
Ste 110
Troy, MI 48098
(248)524-1936
michael@piston.net