UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW J. CHANG, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-2139 (RCL) |
| MICHAEL CHERTOFF, Secretary, Homeland Security, *et al.*, | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR ALTERNATIVE
MOTION TO TRANSFER AND RESPONSE TO PLAINTIFF'S MOTION TO
VOLUNTARILY DISMISS PAUL NOVAK AS A DEFENDANT**

**I.  VENUE STATUTE**

This case is governed by the general venue statute, 28 U.S.C. § 1391, which establishes default rules for venue that apply to federal lawsuits where the underlying statutes do not specify their own venue rules.  See 28 U.S.C. § 1391(a), (b), and (e) (each applying "except as otherwise provided by law.").  Section 1391 identifies three possible bases for venue for claims against federal government officials or agencies: (1) where a defendant "resides;" (2) the district where "a substantial part of the events or omissions giving rise to the claim occurred;" or (3) where "the plaintiff resides, if no real property is involved in the action."  28 U.S.C. § 1391(e).

**II.  PROCEDURAL BACKGROUND**

In their Motion to Dismiss, Defendants provided an alternative Motion to Transfer this case to the District of Connecticut because, *inter alia*, Plaintiff's I-485 application is being processed at the USCIS Hartford Field Office in that District.  See R. 11[1] at 21-27; 28 U.S.C. §

---

[1]  "R." followed by a number refers to the document identified at that number on this Court's

1391(e)(2). Plaintiff contested that this case cannot be transferred to the District of Connecticut because it is not "a district 'where it (the action) might have been brought.'" R. 12 at 23 (quoting 28 U.S.C. § 1404(a)). Plaintiff further explained that his

> application for adjustment of status was not transferred to the USCIS Hartford Field Office until January 29, 2008, over two months after he filed this action. Therefore, unless Plaintiff had access to a time machine, he could not have filed this action in the U.S. District for the District of Connecticut on November 26, 2007 in reliance upon 28 U.S.C. Section 1391(e)(2) because no event giving rise to his claim had yet occurred in Connecticut. Rather, his case was at that time under the jurisdiction and control of the USCIS Vermont Service Center.

Id. at 24. Accordingly, Defendants filed an Alternative Motion to Transfer, acknowledging that

> [a]t the time this case was filed, Plaintiff's application was being processed at the Vermont Service Center in St. Albans, Vermont. For the purposes of 28 U.S.C. 1404(a), discussed *infra*, Vermont is a venue in which this case "may have been brought[,]" because it is where at least a substantial part of the events took place before the Complaint was filed.

R. 21 at 19 (internal citations omitted). In response, Plaintiff has moved to voluntarily dismiss his case against Paul Novak, Director, USCIS Vermont Service Center, and opposed Defendants' motion to transfer this case to the District of Vermont. R. 22 and 23.

**III.   ARGUMENT**

    **A.   Dismissal of Robert Novak Will Not Affect Venue**

As a threshold matter, Defendants do not oppose the dismissal of Plaintiff's case against Mr. Novak, in part because Plaintiff's argument opposing transfer to Vermont will not be strengthened in any material way. Firstly, Mr. Novak's residence in Vermont has never been a basis for Defendants' argument that the case should be transferred there. Secondly, the Vermont Service Center will remain the processing center at which Plaintiff's application was located at

---

docket entries.

2

the time of his Complaint, and therefore is the location where the complaint "could have been brought." 28 U.S.C. § 1391(e)(2). Thirdly, the processing of Plaintiff's application lacks meaningful ties to Washington, DC, as Defendants explain below.

### B. Plaintiff Cannot Limit the Court to One Venue Option

By dismissing Mr. Novak as a defendant in this case, Plaintiff is attempting to play both sides of the venue issue. USCIS transferred Plaintiff's application from its Vermont Service Center to the Hartford, Connecticut Field Office on January 29, 2008. See R. 11, Exh. 1 at ¶ 3. When Defendants first moved to transfer the case to the District of Connecticut, Plaintiff complained that the case could not have been brought there, noting that

> the phrase "where it might have been brought" is written in the past, not the present, tense. Therefore for an action to be transferable under 28 U.S.C. § 1404(a) it must be demonstrated that venue would have been appropriate in the District of Connecticut on the date the complaint was filed, and not on some later date. This the Defendants cannot do.

R. 12 at 25. Then, after Defendants acknowledged that the case could have been brought in Vermont, Plaintiff complained that a decision there would be irrelevant there because his application is now in Connecticut. See R. 23 at 2-3. Plaintiff cannot now avail himself of the benefits of time travel in order to narrow the Court's options regarding venue to only this District. Plaintiff himself implies that a more appropriate venue for this case is the District of Vermont, which will remain the location where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(e)(2).

### C. This Circuit's Approach to Venue

If every district court case involving an agency whose headquarters are located in Washington, D.C. were heard in this District, this Court's docket would quickly become

unmanageable. Accordingly, the D.C. Circuit closely scrutinizes venue arguments based solely on federal agency defendants' presence in the District of Columbia. See Cameron, 983 F.2d at 256. Even when such defendants' presence makes venue technically proper in this District, courts frequently invoke their discretionary transfer authority pursuant to 28 U.S.C. § 1404(a) and transfer cases to districts with a closer nexus to the parties' dispute. See, e.g., Abusadeh v. Chertoff, 2007 WL 2111036, at *6-*9 (D.D.C. July 23, 2007) (transferring mandamus action seeking adjudication of adjustment of status application to Southern District of Texas because that was where the application was being adjudicated); Rosales v. United States, 477 F. Supp. 2d 213, 215-17 (D.D.C. 2007) (transferring case against federal agency to district in which the challenged events took place); Southern Utah Wilderness Alliance v. Norton, 315 F. Supp. 2d 82, 886-89 (D.D.C. 2005) (concluding environmental case should be transferred to Utah where D.C. officials only set general policies and did not make specific decisions being appealed); Joyner v. District of Columbia, 267 F. Supp. 2d 15, 20-21 (D.D.C. 2003) (holding that the case's only connection to Washington, D.C. was the situs of named federal government defendants and transferring to a district with which the case had several connections).

    Section 1404(a) permits the Court to transfer this case to "any other district or division where it might have been brought" for the "convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). A threshold question is whether the case could have been brought in the district to which transfer is sought. Stewart Organization v. Ricoh Corp., 487 U.S. 22, 29 (1988) (citing Van Dusen v. Barrack, 376 U.S. 612, 613 (1964)). The District of Vermont is certainly a district in which this case may have been brought. See 28 U.S.C. § 1391(e)(2). Courts then conduct a case-by-case analysis and balance the private interests of the parties with

public interests such as efficiency and fairness.  See id. at 7; Abusadeh, 2007 WL 2111036, at *3.  Both the private and public interests favor transfer to the District of Vermont.  Therefore, this case should be transferred to that court.

> D. **The District of Vermont Is A More Appropriate Forum Because Plaintiff's Adjustment of Status Application Was Being Adjudicated There at the Time of Filing.**

Plaintiff's choice of forum deserves little or no deference because he is not a Washington, D.C. resident, and because this District "lacks meaningful ties to the controversy."  Southern Utah Wilderness Alliance, 315 F. Supp. 2d at 86; see Shawnee Tribe v. United States, 298 F. Supp. 2d 21, 24 (D.D.C. 2002) (deference lessened when the forum chosen is not the plaintiff's home forum); Abusadeh, 2007 WL 2111036, at *8 ("[i]t is therefore clear that Plaintiff's choice of forum is entitled to significantly less than ordinary deference in light of the tangential connection between Plaintiff's complaint and Washington, D.C.").  As explained above, federal officials in St. Albans, Vermont were responsible for adjudicating Chang's application at the time this case was filed, and the District in which that service center is located is the appropriate forum for this suit.  See, e.g., Abusadeh, 2007 WL 2111036, at *6-*9 (transferring to district in which USCIS field office was located); Sierra Club v. Flowers, 276 F. Supp. 62, 67-68 (D.D.C. 2003) (transferring case because federal officials in Florida made the relevant decision and officials in Washington, D.C. did not play an "active or significant" role in the decision-making process); Fayyaz v. Dep't of Homeland Security, No. 06-2016 (D.D.C. Oct. 25, 2007) (unpublished Order) (transferring mandamus action concerning I-485 to the Southern District of Texas because that is where plaintiffs resided and the district in which the USCIS office with jurisdiction over their applications was located) (R. 11, Exh. 4).

The District of Vermont has a more significant interest in this case than this Court. There is a local interest in resolving controversies where the relevant decisions took place at the time of this case's filing. That interest applies to "controversies requiring judicial review of an administrative decision" to the same extent that it applies to cases involving real property or environmental issues. Abusadeh, 2007 WL 2111036, at * 8 (quoting Sierra Club, 276 F. Supp. 2d at 70). The administrative decisions at issue in this case were made in St. Albans, Vermont when Plaintiff brought this action, and have never been at issue in Washington, DC.

### E.     The Remaining Public and Private Interest Factors Favor Transfer.

The remaining factors of the Section 1404 analysis also support transfer. The District of Vermont is a better district to which the Court may transfer this case because, in 2007, that district had substantially fewer pending cases than this Court (480 in the District of Vermont and 3,936 in this Court). Compare R. 21, Exh. 1 with R. 11, Exh. 6 (spreadsheets showing courts' caseload). The District of Vermont is as familiar with the applicable federal law as is this Court, too. Nevertheless, Plaintiff claims that a transfer of venue to the District of Vermont would "not serve the convenience of either the parties or any likely witnesses" because "Plaintiff's counsel is not admitted to the U.S. District Court for the District of Vermont." R. 23 at 3. However, as Plaintiff admits, Plaintiff's counsel could seek *pro hac vice* status in order to represent his client in another district, see id., and this Court has recognized that finding local representation can be a viable option. Environmental Defense v. U.S. Dept. of Transp., Slip Copy, 2007 WL 1490478 (D.D.C.2007) (finding no reason to believe that Plaintiff would have difficulty retaining counsel for the limited purpose of acting as local counsel). For all those reasons, Defendants request that the Court exercise its discretion to transfer this action to the District of Vermont.

**CONCLUSION**

For the foregoing reasons and those set forth in Defendants' Alternative Motion to Transfer Case to Vermont, Defendants respectfully request that the Court GRANT Defendants' Motion to Transfer Case to Vermont.

Respectfully Submitted,

  /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


  /s/
BRANDON L. LOWY
Special Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530
(202) 307-0364

Attorneys for Defendants