UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MATTHEW J. CHANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-2139 (RCL) |
| ) | |
| MICHAEL CHERTOFF, ) | |
| Secretary, Homeland Security, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MOTION TO DISMISS CLAIMS AGAINST THE FBI AS MOOT**

Defendant Robert S. Mueller III, Director of the FBI, by and through his undersigned attorneys, respectfully moves to dismiss the claims against him for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The FBI has completed the name checks conducted in connection with the I-485 application that Plaintiff Matthew Chang filed, thereby rendering the claims against the FBI moot and depriving the Court of subject matter jurisdiction over Director Mueller. A memorandum in support and proposed order are attached.

September 4, 2008                               Respectfully submitted,

                                                /s/
                                                JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                United States Attorney

                                                /s/
                                                RUDOLPH CONTRERAS, D.C. BAR #434122
                                                Assistant United States Attorney

   /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198  Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MATTHEW J. CHANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-2139 (RCL) |
| ) | |
| MICHAEL CHERTOFF, ) | |
| Secretary, Homeland Security, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CLAIMS AGAINST THE FBI AS MOOT**

Defendant Robert S. Mueller III, Director of the Federal Bureau of Investigation ("FBI") respectfully moves that the claims against him be dismissed for lack of subject matter jurisdiction because events that transpired after the complaint was filed have made those claims moot. As discussed in the parties' prior filings, Plaintiff's mandamus complaint seeks an order compelling the FBI to complete the name checks that it conducted in connection with Plaintiff's Form I-485 application to have his residency status adjusted to that of a lawful permanent resident of the United States. Defendant United States Citizenship and Immigration Services ("USCIS") has received the results of the FBI name checks. The FBI's completion of those name checks, and transmission of the results to USCIS, eliminated any live controversy that may have existed between the parties, thereby depriving this Court of jurisdiction over Director Mueller. The claims against him should therefore be dismissed as moot.

**FACTUAL BACKGROUND**

The pertinent facts are set forth in detail in Defendants' motion to dismiss. See Dkt. Entry 11. This case concerns a Form I-485 "adjustment of status" application filed by Plaintiff

Matthew Chang, in which he requested that USCIS exercise its discretion to make him a lawful permanent resident of the United States. See Compl. ¶ 1. Plaintiff initiated this action with a mandamus complaint which asked the Court to compel USCIS to complete its adjudication of Plaintiff's application for permanent resident status, and to compel the FBI to complete the name checks conducted in connection with that application. See id. at 10-11 ("Relief Requested"). Plaintiff has two distinct names --- his birth name, Jin Woo Chang, and his current legal name, Matthew Chang. Plaintiff's I-485 and the name checks for his birth name, Jin Woo Chang, were still pending at the time the complaint was filed, and when the parties briefed the jurisdictional and merits issues raised in the pending motions.

The FBI has completed the name check for Jin Woo Chang, and USCIS has received the results. See Second Supplemental Decl. of Ethan Enzer, ¶ 4. Therefore, there are no pending name checks in connection with Plaintiff's I-485 application. See id. USCIS has not yet completed its adjudication of the I-485 because Plaintiff has no valid fingerprints on file, due to the expiration of his prior fingerprints. See id. ¶ 5. Plaintiff has been scheduled to appear for fingerprinting on September 18, 2008.

## STANDARD OF REVIEW

Director Mueller moves for dismissal under Rule 12(b)(1), as events subsequent to the complaint deprived the Court of any subject matter jurisdiction that may have existed over the claims against the FBI. See Fed. R. Civ. P. 12(b)(1). When reviewing a 12(b)(1) motion to dismiss, "the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Bd., 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted); see also Vanover v. Hantman, 77 F. Supp.2d 91, 98 (D.D.C. 1999). "The court is not required, however, to accept inferences unsupported by the

2

facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003). In addition, plaintiff bears the burden of persuasion, and must establish subject-matter jurisdiction "by a preponderance of the evidence." Thompson, 120 F.Supp.2d at 81; Vanover, 77 F.Supp.2d at 98. To determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See Herbert v. Nat'l Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992); Rann, 54 F. Supp. at 64.

## ARGUMENT

Under Article III, section 2 of the Constitution, federal courts only have jurisdiction to adjudicate actual ongoing cases or controversies. See Deakins v. Monaghan, 484 U.S. 193, 199 (1988); Allen v. Wright, 468 U.S. 737, 750 (1984); Nat'l Black Police Ass'n v. District of Columbia, 108 F.3d 346, 349 (D.C. Cir. 1997). This requirement prevents the issuance of advisory opinions, as it demands the existence of an actual dispute between adverse parties with a stake in the outcome. See Richardson v. Ramirez, 418 U.S. 24, 36 (1974). In fact, "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases and controversies." Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 37 (1976) (citing Flast v. Cohen, 392 U.S. 83, 95 (1968)).

The case-or-controversy requirement must be met "through all stages of federal judicial proceedings." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990); see Arizonans for Official English, Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (explaining that for a case or controversy to be "justiciable" under the Constitution, it must be "extant at all

stages of review, not merely at the time the complaint is filed"); Columbian Rope Company v. West, 142 F.3d 1313, 1316 (D.C. Cir. 1998) (explaining same). As this Circuit has explained:

> [E]ven where litigation poses a live controversy when filed, the [mootness] doctrine requires a federal Court to refrain from deciding it if "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future."

Columbian Rope, 142 F.3d at 1316 (quoting Clarke v. United States, 915 F.2d 699, 701 (D.C. Cir. 1990) (en banc)). Once a case becomes moot, the court loses jurisdiction. See City of Houston v. Department of Housing and Urban Dev., 24 F.3d 1421, 1426 (D.C. Cir. 1994).

In mandamus actions seeking to compel an agency to complete its review of a pending immigration application or security checks performed in connection with that application, the mootness doctrine comes into play when the application has been processed or the security checks are complete. See Bouguettaya v. Chertoff, 472 F.Supp.2d 1, 2 (D.D.C. 2007) (finding alien's request for writ of mandamus to compel CIS to process application was moot because application was denied following filing of the action). As in other mandamus actions seeking to compel agency action, immigration cases become moot when the agency takes action which grants the relief requested in the mandamus petition. See Thompson v. United States Dep't of Labor, 8 13 F.2d 48, 51 (3d Cir.1987) (action for declaratory and mandamus relief from hold placed on administrative complaint rendered moot when agency reactivated complaint); Gray v. Office of Pers. Mgmt., 771 F.2d 1504, 1514 (D.C. Cir 1985) (mandamus to compel agency decision became moot when agency rendered decision). Such cases are properly dismissed on mootness grounds because there is no further judicial function for the Court to perform. See Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987); Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982); Trueblood v. Dep't of Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996).

4

In this case, the Court lacks subject matter jurisdiction over the claims against the FBI its completion of Plaintiff's name checks ended any live controversy between Plaintiff and Director Mueller. The complaint asked this Court to compel the FBI to complete Plaintiff's name checks within 30 days. Compl. at 10-11. Thereafter, without any court intervention, the FBI completed its name check investigation, and forwarded the results to USCIS. See Enzer Decl. ¶ 4. Even assuming arguendo that Plaintiff had a viable claim against Director Mueller at the time the complaint was filed, he has now received the relief sought.[1] Therefore, this Court lacks jurisdiction and should dismiss the case as moot. See Bouguettaya, 472 F. Supp.2d at 2 (dismissing case as moot where immigration application at issue had been denied).

Plaintiff's request for attorney's fees and costs does not prevent application of the mootness doctrine in this case. To be sure, the FBI's completion of the name checks did not satisfy Plaintiff's desire for fees and costs. However, a party's request for attorney's fees is "collateral to, and separate from" the merits. Shultz v. Crowley, 802 F.2d 498, 502 (D.C. Cir. 1986). Accordingly, a fee request does not preserve a case that is otherwise moot. Friends of Keeseville, Inc. v. F.E.R.C., 859 F.2d 230, 233 n.7 (D.C. Cir. 1988); American Council for the Blind v. Washington Metro. Area Trans. Auth., 133 F. Supp. 2d 66, 72 n.1 (D.D.C. 2001).

In any event, Plaintiff is not entitled to fees or costs in this litigation. The Equal Access to Justice Act ("EAJA") permits a court to award reasonable attorney's fees to a "prevailing party" in an action against the United States. 28 U.S.C. § 2412(b). Plaintiff has not "prevailed" on his claims because the Court has not awarded him any relief. See Consolidated Edison Co. of N.Y., Inc. v. Bodman, 445 F.3d 438, 447 (D.C. Cir. 2006) (explaining that to prevail for

---

[1] Defendants respectfully submit that this Court would have lacked subject matter jurisdiction even if this case were not moot, for the reasons set forth in their motion to dismiss. See Dkt. Entry 11.

5

purposes of EAJA a party must obtain relief from the Court); see also Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health and Human Res., 532 U.S. 598, 605 (2001) ("We cannot agree that the term 'prevailing party' authorizes federal courts to award attorney's fees to a plaintiff who, by simply filing a nonfrivolous but nonetheless potentially meritless lawsuit (it will never be determined), has reached the 'sought-after destination' without obtaining any judicial relief."). Accordingly, the FBI's voluntary completion of Plaintiff's name checks deprives Plaintiff of any claim for fees or costs.

## CONCLUSION

For the foregoing reasons, the Court should DISMISS the claims against Director Mueller as moot.

September 4, 2008                               Respectfully submitted,


       /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


       /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


      /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198  Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW J. CHANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-2139 (RCL) |
| ) | |
| MICHAEL CHERTOFF, ) | |
| Secretary, Homeland Security, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Upon consideration of Defendant Robert Mueller's Motion to Dismiss the Claims Against the FBI as Moot, it is this _____ day of _____,

ORDERED that the Motion be and hereby is GRANTED;

It is FURTHER ORDERED that Count II and any other portion of the Complaint which alleges that the FBI has unreasonably delayed its completion of background checks be and hereby is DISMISSED for lack of jurisdiction.

SO ORDERED.

_____
United States District Court Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW J. CHANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-2139 (RCL) |
| ) | |
| MICHAEL CHERTOFF, ) | |
| Secretary, Homeland Security, et al., ) | |
| ) | |
| Defendants. ) | |

SECOND SUPPLEMENTAL DECLARATION OF ETHAN ENZER

1. I am currently employed as Field Office Director at the Hartford, Connecticut office of U.S. Citizenship and Immigration Services ("USCIS"), an agency within the U.S. Department of Homeland Security. I have held this position since March 1, 2004.

2. As Field Office Director, I am familiar with the A-file and I485 application of Plaintiff Matthew J. Chang, A98 899 066, for the reasons stated in my prior declarations.

3. Plaintiff Matthew J. Chang, A98 899 066, filed an I-485, Application for Adjustment of Status on February 28, 2005. That application was transferred to the Hartford, CT field office on January 29, 2008.

4. USCIS initiated FBI name checks on Plaintiff for each of his two distinct names: "Jin Woo Chang" and "Matthew Chang." USCIS has received the results of the FBI name check for both of those names.

5. FBI fingerprint checks must be completed for each alien applicant for an immigration benefit, as required by Public Law 105-119. Plaintiff's prior fingerprints expired

August 28, 2008. USCIS has scheduled Plaintiff to appear for a fingerprinting appointment on September 18, 2008 at 8:00 a.m.

     6.    USCIS will proceed to complete its adjudication of Plaintiff's I485 application once it has received the results of the fingerprint analysis.

I certify under penalty of perjury that the foregoing statements are true and correct.

Dated: September 4, 2008

_____
Ethan Enzer, Field Office Director